[Department One. — January 19, 1884.]

## L. O. DREYFUSS, RESPONDENT, *v.* E. O. TOMPKINS, APPELLANT.

INSTRUCTION.—It is not error to refuse a hypothetical instruction containing recitals having no bearing on the matters at issue.

APPEAL from a judgment of the Superior Court of the county of Nevada, and from an order refusing a new trial.

Action against the defendant as sheriff to recover possession of certain personal property taken and sold by him under an execution against one Phillips. The defendant claimed that the sale was void, because unaccompanied by an actual delivery and change of possession. An action had been brought by one Hildebrandt against Phillips for the recovery of a debt, a writ of attachment issued, and notice of garnishment served upon Drey-

fuss, who then claimed to be in possession of the property. Subsequently Hildebrandt recovered judgment, and the property was seized and sold by the sheriff under execution. The further facts appear in the opinion.

*Cross & Simonds,* for Appellant.

*J. M. Walling,* for Respondent.

McKINSTRY, J.—There was evidence to sustain the finding of the jury that there was an actual delivery and continued change of possession, from Phillips to plaintiff, of the personal property—the subject of this action.

The court did not err in refusing the instruction asked by defendant. The instruction purports to recite hypothetically the material facts which tended to prove that there was no actual delivery and continued change of possession of the property attached, and which were to be considered by the jury in determining the question of actual delivery and continued change of possession. It recites, among other things, " and [defendant, sheriff] did garnishee said Dreyfuss by delivering to said Dreyfuss a true copy of said writ of attachment, together with a notification indorsed thereon, notifying him that all moneys, goods, effects, and credits, debts due or owing, or any other personal property *in his possession or under his control,* belonging to said Phillips, were attached," etc., and also that defendant, "under and by virtue of said writ of *execution,* levied upon, seized, and took into his possession said goods, wares, and merchandise, by *delivering to said Dreyfuss a true copy* of said writ of execution."

The notification to Dreyfuss served with a copy of the attachment, so far as such service would prove anything, would tend to prove that defendant *believed* that Dreyfuss had the property in his possession or under his control. It is certain that the service of the notice, or of the writs of attachment and execution, would not, in any degree aid the jury in ascertaining whether there had been an actual delivery and continued change of possession. An instruction containing the recitals referred to was. therefore properly refused.

Judgment and order affirmed.

McKEE, J., and ROSS, J., concurred.