JOURNAL ENTRY and OPINION.
{¶ 1} Plaintiff-appellant, State of Ohio ("state"), appeals from the decision of the trial court to designate defendant-appellee a habitual sexual offender not subject to community notification. Having reviewed the arguments of the parties and the pertinent law, we reverse and remand to the trial court.
 I. {¶ 2} On August 22, 2002, this court reversed and remanded defendant's original case, State v. Griffin, Cuyahoga App. No. 80499,2002-Ohio-4288, (hereinafter Griffin I), back to the trial court for a new sexual classification hearing. The hearing was to clarify on the record the evidence and factors the trial court used in arriving at the determination that defendant-appellee was a habitual sexual offender.
 {¶ 3} The new hearing commenced on January 10, 2003 and concluded on January 17, 2003. Evidence admitted at the hearing without objection included: the trial transcript from CR-407584; a sexual predator evaluation prepared by the court's psychiatric clinic (state's exhibit 1); the presentence investigation in the instant case, CR-407584 (state's exhibit 5); the presentence investigation report from CR-358947 (state's exhibit 4); and the curriculum vitae of Dr. Michael Aronoff of the court psychiatric clinic (defense exhibit A).
 {¶ 4} On January 17, 2003, the trial court classified defendant-appellee as a habitual sexual offender without a community notification requirement. The state now appeals appellee's notification classification status.
 II. {¶ 5} Due to the circumstances in the case sub judice, this court will address appellant's two assignments of error together in the following section. The state's first assignment of error states, "Appellee's classification of a habitual sexual offender without the requirement of community notification was against the manifest weight of the evidence." The state's second assignment of error states, "The evidence is sufficient, as a matter of law, to prove `by clear and convincing evidence' that appellee `is likely to engage in the future in one or more sexually oriented offenses.'" Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C. E. Morris Co. v. Foley Constr. Co.,54 Ohio St.2d 279.
 {¶ 6} The Ohio Supreme Court has established the applicable standard for determining whether a conviction is supported by sufficient evidence:
"The relevant inquiry is whether, after reviewing the evidence in alight most favorable to the prosecution, any rational trier of fact couldhave found the essential elements of the crime proven beyond a reasonabledoubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 7} Appellate review of the trial court's determination is limited to whether there is sufficient probative evidence to support the trier of fact's finding as a matter of law. State v. Thompson (1987),78 Ohio St.3d 380, 386.
 {¶ 8} This case was previously remanded on August 22, 2002 with instructions from this court that the trial court discuss on the record the evidence and factors it used in arriving at the determination that appellant was a habitual sexual offender.[1] This court stated in its previous opinion in Griffin I that the trial court did not discuss on the record the "evidence and factors it considered in making that adjudication." This court went on to say the following, "The [trial] court, after hearing the arguments of counsel, merely stated that it was finding appellant to be a habitual sexual offender and then proceeded to the sentencing hearing. Tr. 328. The journal entry of October 17, 2001 detailing the adjudication is no better. It simply states that, [T]he court considered all of the required factors of the law and [T]he court finds defendant to be a habitual sexual offender."[2]
 {¶ 9} In the January 17, 2003 HB 180 sexual predator remand hearing, the trial court again failed to discuss on the record the "evidence and factors it considered in making that adjudication." The trial court simply stated, in less than a page-and-a-half of testimony, that, "After hearing the evidence the Court is going to designate that the defendant by virtue of his prior convictions, he has two convictions, he will be designated as a habitual sexual offender. There will not be community notification."[3]
 {¶ 10} Once again, the trial court did not discuss on the record the evidence and factors it considered in making the habitual sexual offender adjudication. The trial court simply stated in a single paragraph that the defendant is to be designated a habitual sexual offender without community notification.
 {¶ 11} Based on the legal standards previously set forth above, this court finds merit with appellant's first and second assignments of error. Therefore, this court hereby reverses and remands this case back to the trial court so that the trial court may spell out on the record the specific evidence and factors it considered in adjudicating the defendant a habitual sexual offender.
 {¶ 12} Appellant's first and second assignments of error are hereby granted.
Judgment reversed and remanded.
KENNETH A. ROCCO, A.J. and ANN DYKE, J. CONCUR.
[1] See State v. Griffin, Cuyahoga App. No. 80499, 2002-Ohio-4288, (Griffin I), page 30 of this court's August 22, 2002 opinion.
[2] P. 30, Griffin I Opinion.
[3] See January 17, 2003 HB 180 hearing transcript, Friday morning session.