# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00012-CV

**Rafael Francisco Narvaez, Appellant**

**v.**

**Rita Ortiz Maldonado, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
## NO. FM007491, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## O P I N I O N

This is an appeal from the denial of a bill of review. Appellee Rita Ortiz Maldonado sued appellant Rafael Francisco Narvaez for divorce. When he failed to respond, she obtained a default judgment against him. Narvaez filed a bill of review challenging the default judgment. The trial court denied the bill of review, and Narvaez now appeals that denial. Because we conclude that Narvaez did not satisfy the bill of review requirements, and because the trial court had jurisdictional authority to render the default judgment, we affirm the trial court's judgment denying the bill of review.

## BACKGROUND

On November 17, 2000, Maldonado filed for divorce from Narvaez. Although the two had never been ceremonially married, Maldonado asserted that they shared an informal marriage,

*see* Tex. Fam. Code Ann. § 2.401(a)(2) (West 1998), and had three children together. It is undisputed that Narvaez was properly served with the citation and petition. On December 14, in lieu of filing a response, Narvaez signed the officer's return that was attached to the citation that had been served on him, had the document notarized, and mailed it to the Travis County district clerk's office. The signed document was not designated as a response to the petition, did not offer any form of response, and did not include Narvaez's address.

On March 15, 2001, the trial court granted a default decree of divorce by which the court divided the community estate, appointed Maldonado managing conservator of the three children and Narvaez possessory conservator, and ordered Narvaez to pay child support. It is unclear from the record whether Narvaez timely received notice of the judgment. On May 15, Narvaez filed a motion for new trial and to set aside the judgment. Because the record does not reveal when Narvaez received notice of the default judgment, it is also unclear whether his motion for new trial was considered timely filed. Although it appears that a judge (not the one that granted the default judgment) held a hearing on the motion, the court did not rule on it; if it was timely filed, it was overruled by operation of law.[1]

---

[1] After hearing the evidence at the bill of review trial, the court announced: "With regard to the action of the court personnel related to notifying you of the default [judgment], the trial court does acknowledge that that apparently was some error . . . ." The court further commented that under rule of civil procedure 306(a)(4), Narvaez timely filed his motion for new trial, but the court was uncertain as to whether the motion had been overruled by operation of law. The court, however, did not file findings of fact and conclusions of law, and we may not consider its oral comments as a substitute for such findings and conclusions. *In re Doe 10*, 78 S.W.3d 338, 340 n.2 (Tex. 2002) (citing *In the Interest of W.E.R.*, 669 S.W.2d 716, 716 (Tex. 1984)).

On May 10, 2002, over a year after the trial court rendered the default judgment and almost a year after the hearing on his motion for new trial, Narvaez filed his bill of review petition. At the bench trial, Narvaez presented evidence demonstrating that he had been married before entering into his relationship with Maldonado and had never divorced his wife, that Maldonado knew he was married to another woman, and that he was not the father of one of the three children that he was ordered to support. Maldonado's testimony corroborated Narvaez's assertions. Following the presentation of evidence, the trial court announced that Narvaez had proven he had a meritorious defense—one of the elements of a bill of review—but he had failed to satisfy the remaining bill of review elements. The court therefore denied Narvaez's bill of review. He now appeals.

## DISCUSSION

### Void Judgment

As a preliminary matter, Narvaez asserts that because he was never divorced from his first wife, he could not have been married to Maldonado, and the divorce decree is therefore void. He further argues that because there was no marriage to Maldonado, the Travis County court had no jurisdiction to divide or distribute the real property, which was located in Harris County. By these points, Narvaez seeks not to satisfy the requirements of a bill of review, but to collaterally attack the underlying judgment. *See Texas Dep't of Transp. v. T. Brown Constructors, Inc.*, 947 S.W.2d 655, 659 (Tex. App.—Austin 1997, writ denied) (bill of review that fails as direct attack may constitute collateral attack).

When a bill of review complainant collaterally attacks a judgment on the ground that it is void because the trial court lacks jurisdictional power to render it, the complainant is not

3

required to prove the elements of a bill of review. *See Middleton v. Murff*, 689 S.W.2d 212, 213 (Tex. 1985). "Jurisdictional power" in the context of a collateral attack is defined as "jurisdiction over the subject matter, the power to hear and determine cases of the general class to which the particular one belongs." *Id.* The supreme court has given two examples of what is meant by a court lacking jurisdictional power to render judgment: where a county court renders a divorce decree and where a county court enters a judgment regarding title to land. *McEwen v. Harrison*, 345 S.W.2d 706, 709-10 (Tex. 1961). All other errors must be corrected through a bill of review if the time for a direct appeal has elapsed. *Middleton*, 689 S.W.2d at 213-14.

In a collateral attack on a judgment, the recitations of the judgment control the rest of the record, and extrinsic evidence cannot be used to establish a lack of jurisdiction. *Huffstutlar v. Koons*, 789 S.W.2d 707, 710 (Tex. App.—Dallas 1990, no writ). The final decree of divorce in this case recites that the court has jurisdiction and that Maldonado has been a domiciliary of Texas for the preceding six months, thus satisfying the requirements for granting a divorce set forth in section 6.301 of the family code. *See* Tex. Fam. Code Ann. § 6.301 (West 1998); *see also Reynolds v. Reynolds*, 86 S.W.3d 272, 276 (Tex. App.—Austin 2002, no pet.) (although section 6.301 is not itself jurisdictional, it is akin to jurisdictional provision in that it controls party's right to maintain suit for divorce). The decree is regular on its face and was rendered by a court of general jurisdiction. *See, e.g.*, *Faglie v. Williams*, 569 S.W.2d 557, 563 (Tex. App.—Austin 1978, writ ref'd n.r.e.) (holding that a judgment that is regular on its face and rendered by court of general jurisdiction does not yield to collateral attack; must be set aside by direct attack). Narvaez's claim that the decree is void because he was not yet divorced from his first wife and could therefore not be married

4

to Maldonado is not a jurisdictional deficiency; rather it is a defense that should have been argued to the court during a trial on the merits. *See Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003) (error other than lack of jurisdiction renders judgment "voidable" and may be corrected through ordinary appellate process); *see also Faglie*, 569 S.W.2d at 565 (existence of common law marriage is question of fact). It is clear in this case that the trial court had jurisdiction to render its judgment. Thus, Narvaez's collateral attack on the judgment must fail. His exclusive remedy for challenging the default divorce decree was through a bill of review. *Middleton*, 689 S.W.2d at 213-24 (holding that when party failed to establish that court lacked jurisdictional power to render judgment, bill of review is exclusive remedy to set aside judgment). We overrule the first two issues.

**Due Process**

By his third issue, Narvaez asserts that his due process rights were violated because he was not provided notice of the default judgment hearing even though he filed the equivalent of an answer. *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86-87 (1988) (once defendant makes appearance in cause, he is entitled to notice of trial setting as matter of due process under Fourteenth Amendment to Constitution); *LBL Oil Co. v. International Power Servs., Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989) (same); *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988) (same). Maldonado responds that Narvaez was not entitled to notice because what he filed cannot be construed as an answer. We agree with Maldonado.

Narvaez testified that after he was served with the citation and divorce petition, he took the citation to a notary, signed the return portion of the citation, and mailed it back to the Travis

5

County district clerk. The citation with the signed return was filed on January 2, but was not designated as an answer. Narvaez claims on appeal that the envelope in which the citation was mailed included his return address. The envelope, however, is not a part of the record because the district clerk threw it away, and there is nothing in the record indicating that the envelope indeed included Narvaez's return address. Narvaez nevertheless argues that the citation and signed return, coupled with the envelope that presumptively bore his return address, constitute an answer to the divorce petition.

Narvaez relies on *Smith v. Lippmann*, 826 S.W.2d 137 (Tex. 1992), in support of his argument. In that case, the supreme court held that a letter filed by the defendant, though not in the "standard form," nonetheless constituted an answer because it identified the parties, the case, and the defendant's current address. *Id.* at 138; *see also Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.) (letter addressed to and filed with clerk that included cause number, party's name and address and denied liability constituted "answer"); *Terehkov v. Cruz*, 648 S.W.2d 441, 442-43 (Tex. App.—San Antonio 1983, no writ) (signed letters to clerk that included defendant's address, acknowledged receipt of citation, and averred that defendant was not liable for plaintiff's injuries constituted "answer"). Although Narvaez's signed return included the names of the parties and the trial court cause number, it included no statement that could be construed as any type of response to the pleadings. In other words, even if the envelope had included his address and had been retained, it would have added nothing, because the document that Narvaez filed with the court was not a letter, did not include Narvaez's current address, and did

6

not even acknowledge receipt or acceptance of the citation and petition; it in no way responds to the petition for divorce and cannot be construed as an appearance. *Cf. Lippmann*, 826 S.W.2d at 138 (letter that was signed by defendant, identified parties and case, included defendant's current address, and acknowledged receipt and acceptance of citation and petition constituted timely filed appearance). He was therefore not entitled to notice of the default judgment hearing. We overrule the third issue.

**Bill of Review**

By his fourth issue, Narvaez argues that he satisfied the requisite bill of review elements, and the trial court therefore erred in denying his bill of review. A bill of review is an equitable proceeding by a party to a former action who seeks to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926-27 (Tex. 1999). A bill of review complainant must prove three elements: (1) a meritorious defense to the cause of action alleged, (2) which he was prevented from making by the fraud, accident, or wrongful act of the opposing party or by official mistake, and (3) the absence of fault or negligence of the complainant. *Baker v. Goldsmith*, 582 S.W.2d 404, 408 (Tex. 1979); *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950). Additionally, bill of review relief is available only if a party has exercised due diligence in pursuing all adequate legal remedies. *Herrera*, 11 S.W.3d at 927. If legal remedies were available but ignored, relief by bill of review is inappropriate. *Id*.

7

**Standard of Review**

In reviewing the grant or denial of a bill of review, we indulge every presumption in favor of the court's ruling. *Interaction, Inc./State v. State/Interaction, Inc.*, 17 S.W.3d 775, 778 (Tex. App.—Austin 2000, pet. denied). We will not disturb that ruling unless the trial court abused its discretion. *Id.* A trial court abuses its discretion if it has acted in an unreasonable or arbitrary manner, or without reference to any guiding rules and principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). The burden on a bill of review complainant is heavy because it is fundamentally important that judgments be accorded some finality; therefore, bills of review seeking relief from otherwise final judgments are scrutinized "with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted." *Alexander*, 226 S.W.2d at 998; *Interaction*, 17 S.W.3d at 778.

Although Narvaez requested findings of fact and conclusions of law, the trial court did not file findings and conclusions, and Narvaez failed to file a notice of past due findings of fact and conclusions of law. *See* Tex. R. Civ. P. 297 (providing that if trial court fails to file timely findings of fact and conclusions of law, requesting party shall, within thirty days after filing original request, file "Notice of Past Due Findings of Fact and Conclusions of Law"). We will therefore affirm the trial court's judgment on any legal theory supported by the evidence. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex. 1977).

**Official Mistake**

The trial court ruled that Narvaez had shown a meritorious defense to the underlying suit but failed to satisfy the remaining elements of a bill of review. Narvaez argues by his fourth

8

issue that he was excused from showing that the wrongful conduct, fraud, or accident of the opposing party prevented him from asserting his meritorious defense because of the district clerk's official mistake in failing to retain the envelope in which he mailed the citation with the signed return to the court. The district clerk's disposal of the envelope amounts to official mistake, he alleges, because without the envelope, the citation and attached return could not be considered an answer and "became just another piece of paper in the court's file; [Narvaez's] envelope was what distinguished the signed and notarized officer's return from all the other documents that were incorporated into a court's file."

A bill of review complainant who establishes "official mistake" is relieved of proving that his failure to present a meritorious defense was caused by the wrongful conduct of the opposing party, the second element of a bill of review. *McRoberts v. Ryals*, 863 S.W.2d 450, 455 (Tex. 1993) (Enoch, J., dissenting); *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 408 (Tex. 1987); *Baker*, 582 S.W.2d at 407. An official mistake occurs when a court official commits error in the discharge of his official duties, and that error prevents the complainant from presenting his defense in the former action or from challenging the judgment by post-judgment actions or appeal. *See Baker*, 582 S.W.2d at 407; *Mowbray v. Avery*, 76 S.W.3d 663, 683 (Tex. App.—Corpus Christi 2002, pet. denied). The official-mistake doctrine has been narrowly construed; general misconduct or wrongdoing by court functionaries is insufficient to show official mistake to satisfy the elements for a bill of review. *Mowbray*, 76 S.W.3d at 683.

In *Baker v. Goldsmith*, for example, the supreme court held that because the Goldsmiths had sent an answer to the district judge, which was misplaced after it was received at the

9

courthouse, the Goldsmiths were excused from showing that the judgment was rendered as a result of the wrongful conduct of the opposing party. 582 S.W.2d at 407. The difference between *Baker* and this case, however, is that the trial court found and the supreme court agreed that the letter sent to the judge by the Goldsmiths constituted an answer to the petition. *Id.* There is nothing in our record indicating that the trial court in this case similarly concluded that Narvaez's signature on the return constituted a response; indeed, the trial court declared that it did not.[2] We have held that even if the envelope had been retained, and even if it included a return address, the document that Narvaez filed with the court was not responsive to the petition and could not be construed as an appearance. Moreover, Narvaez cites to no authority, and we have found none, standing for the proposition that a district clerk must retain all envelopes used to mail correspondence to the court.

Given the narrowness with which courts have interpreted the element of official mistake, the strict requirements of bills of review in general, and the fundamental importance of according finality to judgments, we hold that there was no official mistake that prevented Narvaez from asserting his meritorious defense. Narvaez was therefore not excused from showing that the wrongful conduct of the opposing party prevented him from asserting his meritorious defense. This he failed to do.

---

[2] In announcing its ruling on the bill of review, the trial court explained that it was not persuaded that the signed return constituted an answer. Although we may not construe the court's comment as a finding of fact or conclusion of law, in the absence of such findings and conclusions, we must imply all necessary findings in support of the judgment, and we must affirm the trial court's judgment on any legal theory supported by the evidence. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

10

Narvaez also did not show that he was free from fault or negligence in failing to assert his meritorious defense—the third element of a bill of review. *See Jarrett v. Northcutt*, 592 S.W.2d 930, 930-31 (Tex. 1979) (bill of review complainant whose waiver of process in the prior suit was improperly executed was nevertheless required to show lack of fault or negligence in failing to assert a meritorious defense in the prior action). His filing of a signed return is not a proper response to the divorce pleadings, and Narvaez was therefore at least partially responsible for the court's failure to recognize it as an appearance. Although a bill of review is an equitable proceeding, the fact that an injustice has occurred is not alone sufficient to justify setting aside a final judgment; the complainant must also show he is free from negligence. *Herrera*, 11 S.W.3d at 927.

**Due Diligence**

Even if we were to agree that the clerk and the trial court committed an official mistake by rendering a default judgment without providing Narvaez notice after he made an appearance, Narvaez has not shown that he exercised due diligence in pursuing his legal remedies. *See Axelrod R & D, Inc. v. Ivy*, 839 S.W.2d 126, 128 (Tex. App.—Austin 1992, writ denied) (bill of review complainant that was not properly served in the prior action must nevertheless show he used due diligence in availing himself of all legal remedies against the former judgment). This due diligence requirement is distinct from the three bill of review elements, for the complainant must allege and prove that he exercised due diligence in pursuing all adequate legal remedies to the challenged judgment or show good cause for failing to exhaust those remedies in order to be entitled to *seek* bill of review relief. *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998); *Mowbray*, 76 S.W.3d 682-83 n.28. If the complainant had legal remedies that were ignored, relief by bill of

11

review is unavailable. *Herrera*, 11 S.W.3d at 927; *French v. Brown*, 424 S.W.2d 893, 895 (Tex. 1967). One with an available appeal who fails to pursue that remedy is not entitled to seek relief by bill of review. *Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex. 1980).

The appellate record does not clearly disclose whether Narvaez timely received notice of the default judgment or whether he availed himself of rule of civil procedure 306a(4), which provides that if a party has not received notice of a judgment within twenty days after it was signed, then all post-judgment timelines shall begin to run from the date the party actually learned of the signed judgment. Tex. R. Civ. P. 306a(4), (5). It is likewise unclear from the record whether Narvaez's motion for new trial was timely filed. If it was, then he failed to appeal the judgment after the motion was overruled. And if it was not timely filed, Narvaez failed to pursue a restricted appeal. *See Thompson v. Henderson*, 45 S.W.3d 283, 290 (Tex. App.—Dallas 2001, pet. denied); *Nichols v. Jack Eckerd Corp.*, 908 S.W.2d 5, 9 (Tex. App.—Houston [1st Dist.] 1995, no writ). Instead, he waited over a year after the rendition of the default judgment and the hearing on the motion for new trial to attack the divorce decree through a bill of review. "Equity aids the diligent and not those who slumber on their rights." *Callahan v. Giles*, 155 S.W.2d 793, 795 (Tex. 1941). We therefore hold that Narvaez failed to exercise due diligence in pursuing other legal remedies to challenge the default divorce decree. We overrule his fourth issue on appeal.

## CONCLUSION

Because the trial court properly exercised jurisdiction in rendering the default divorce decree, the decree is not void and cannot be collaterally attacked. Narvaez's sole remedy for attacking the divorce decree was through the filing of a bill of review petition. Narvaez, however,

failed to satisfy all of the bill of review elements. We therefore affirm the trial court's judgment denying Narvaez's bill of review.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   January 23, 2004