COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-363-CV

 

 

FERNALI FERRICE A/K/A FERNANDO RIOS                               APPELLANT

 

                                                   V.

 

LEGACY INSURANCE AGENCY, INC.                                         APPELLEE

 

                                              ------------

 

            FROM THE 67TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 

I.  Introduction

 








The issue that we decide in this appeal is
whether the trial court erred by dismissing the petition for bill of review
filed by Appellant Fernali Ferrice a/k/a Fernando Rios.  Because Ferrice failed to establish due diligence
in pursuing available legal remedies, we will affirm the trial court=s
dismissal of the petition for bill of review.

II.  Procedural Background

Appellee Legacy Insurance Agency, Inc. filed suit
against Ferrice, alleging claims for breach of contract and tortious
interference with business relations and requesting a declaratory judgment, a
constructive trust, and attorney=s
fees.  Mid-West National Life Insurance
Company of Tennessee filed a petition in interpleader and unconditionally
tendered disputed funds, consisting of insurance commissions on insurance
policies issued by Mid-West, into the registry of the court.  








In due course the trial court called the case to
trial, but Ferrice did not appear.  The
trial court entered findings of fact and conclusions of law and signed a final
judgment, finding Ferrice liable to Legacy for breach of contract, tortious
interference with business relations, and attorney=s
fees.  The trial court ordered Ferrice to
pay Legacy $30,844 from the commission account in Ferrice=s name
that was held by Mid-West; $450,173 as damages for breach of contract and
tortious interference with business relations; postjudgment interest on all
sums at the annual rate of 10%; and $31,683 as attorney=s fees,
plus $2,500 for each appeal of the judgment. 
The trial court also created a constructive trust including all amounts
held by Mid-West for the benefit of Legacy. 
Ferrice timely filed a motion for new trial, which the trial court
denied.      Ferrice then timely filed a
notice of appeal.  Approximately six
weeks later, this court notified Ferrice that A[t]he
trial court clerk responsible for preparing the record in this appeal ha[d]
informed this court that payment arrangements ha[d] not been made to pay for
the clerk=s record@ and
that his appeal would be dismissed for want of prosecution unless he made
arrangements by August 5, 2003, to pay for the clerk=s record
and provided this court with proof of payment. 
Ferrice failed to comply.  On
August 26, 2003, we issued a memorandum opinion and judgment, dismissing
Ferrice=s appeal
for want of prosecution for failure to pay for the clerk=s
record.  No motion for rehearing or
petition for review was filed.

Ferrice then timely filed a petition for bill of
review in the trial court.  The petition
alleged that Ferrice was entitled to relief by bill of review because his
failure to prosecute his appeal was due to official mistake, unmixed with any
fault or negligence of his own and alleged that he had two meritorious grounds
for appealCthat he was entitled to a new
trial as a matter of law and that the judgment contained improper unliquidated
damages.








Legacy filed an answer and later filed a motion
to dismiss Ferrice=s petition for bill of review,
arguing that Ferrice had failed to allege a meritorious defense, failed to show
fraud or a wrongful act on behalf of Legacy that would have prevented Ferrice
from presenting a meritorious defense, and failed to show that he was not
negligent or at fault.  The trial court
granted Legacy=s motion to dismiss Ferrice=s
petition for bill of review and dismissed the bill of review.  This appeal followed.

III.  Collateral Attack

In his first issue, Ferrice argues that the
underlying judgment is void as a matter of law. 
Specifically, Ferrice contends that the judgment is void and should be
set aside because (1) it disposes of property (the Mid-West commissions) over
which the trial court lacked subject matter jurisdiction, (2) it requires
actions that exceed the trial court=s
authority, and (3) it improperly imposes a constructive trust on the Mid-West
commission account when the trial court lacked authority to impose such a
trust.  








A claim that a judgment is void because the trial
court lacks jurisdictional power to render it constitutes a collateral attack
on the underlying judgment.  See
Narvaez v. Maldonado, 127 S.W.3d 313, 317 (Tex. App.CAustin
2004, no pet.).  In a collateral attack
challenging a judgment on the ground that it is void because the trial court
lacked jurisdictional power to render it, the complainant is not required to
prove the elements of a bill of review.  See
Middleton v. Murff, 689 S.W.2d 212, 213 (Tex. 1985) (op. on reh=g).  AJurisdictional
power@ in the
context of a collateral attack is defined as Ajurisdiction
over the subject matter, the power to hear and determine cases of the general
class to which the particular one belongs.@  Id. 
In a collateral attack on a judgment, the recitations of the judgment
control over the rest of the record, and extrinsic evidence cannot be used to
establish a lack of jurisdiction.  Narvaez,
127 S.W.3d at 317.

The supreme court has given two examples of what
is meant by a court lacking jurisdictional power to render judgment:  where a county court renders a divorce decree
and where a county court enters a judgment regarding title to land.  McEwen v. Harrison, 162 Tex. 125, 345
S.W.2d 706, 709-10 (1961).  Other alleged
errors in a judgment, besides those raising a lack of jurisdictional power,
must be corrected through a bill of review if the time for a direct appeal has
elapsed.  Middleton, 689 S.W.2d at
213-14.  








Here, Ferrice=s first
issueCclaiming
the underlying judgment is void because the trial court lacked jurisdictional
authority to render itCconstitutes a collateral attack
on the judgment.  Consequently, in
determining this issue, the recitations in the judgment control, and extrinsic
evidence cannot be examined to establish a lack of jurisdiction.  Narvaez, 127 S.W.3d at 317.  The trial court=s final
judgment stated that A[t]he court determined it had
jurisdiction over the subject matter and the parties to this proceeding.@  The judgment is regular on its face and was
rendered by a court of general jurisdiction. 
See, e.g., Faglie v. Williams, 569 S.W.2d 557, 563 (Tex. Civ.
App.CAustin
1978, writ ref=d n.r.e.) (holding that a
judgment that is regular on its face and rendered by court of general
jurisdiction does not yield to collateral attack; it may be set aside only by
direct attack).  The recitations in the
trial court=s judgment control; the trial
court, a court of general jurisdiction, found that it had jurisdiction specifically
over the subject matter of the suit and over the parties.  Thus, Ferrice=s
collateral attack on the judgment fails. 
See Narvaez, 127 S.W.3d at 317-18; Middleton, 689
S.W.2d at 213-14.  We overrule Ferrice=s first
issue.

IV.  Petition for Bill of Review

In his second issue, Ferrice contends that the
trial court erroneously dismissed his petition for bill of review.  Specifically, he argues that his petition for
bill of review set forth a prima facie case that (1) there was a failure to
advance an appeal, (2) caused by an official mistake, unmixed with any fault or
negligence of his, and (3) meritorious grounds for appeal exist.  Legacy contends that Ferrice negligently did
not pursue all possible legal remedies available to him and that, therefore,
the trial court correctly concluded that he was precluded from invoking the
equitable remedy of bill of review. 













A bill of review is an equitable proceeding
designed to prevent manifest injustice.  French
v. Brown, 424 S.W.2d 893, 895 (Tex. 1967). 
It is an equitable proceeding by a party to a former action who seeks to
set aside a judgment that is no longer appealable or subject to challenge by a
motion for new trial.  Wembley Inv.
Co. v. Herrera, 11 S.W.3d 924, 926-27 (Tex. 1999).  A bill of review complainant must prove three
elements:  (1) a meritorious defense to
the cause of action alleged; (2) which he was prevented from making by the
fraud, accident, or wrongful act of the opposing party or by official mistake;
and (3) the absence of fault or negligence of the complainant.  Baker v. Goldsmith, 582 S.W.2d 404,
408 (Tex. 1979).  Additionally, to obtain
relief via a bill of review a party must have exercised due diligence in
pursuing all adequate legal remedies.  Wembley
Inv. Co., 11 S.W.3d at 927.  This due
diligence requirement is a distinct requirement in addition to the three bill
of review elements; the complainant must allege and prove that he exercised due
diligence in pursuing all adequate legal remedies to the challenged judgment or
show good cause for failing to exhaust those remedies.  Caldwell v. Barnes, 975 S.W.2d 535,
537 (Tex. 1998).  If the complainant had
legal remedies that were ignored, relief by bill of review is unavailable.  Wembley Inv. Co., 11 S.W.3d at 927; Thompson
v. Henderson, 45 S.W.3d 283, 288 (Tex. App.CDallas
2001, pet. denied) (holding that in bill of review proceeding, misplaced
reliance on attorney leading to failure to pursue appeal did not constitute
official mistake and established lack of diligence in pursuing legal remedies);
Lawrence v. Lawrence, 911 S.W.2d 443, 448 (Tex. App.CTexarkana
1995, writ denied) (same).








Here, Ferrice filed a notice of appeal pertaining
to the judgment on which he now complains. 
However, this court dismissed his appeal because he failed to make
arrangements by August 5, 2003, to pay for the clerk=s record
and to provide this court with proof of payment.  By not paying for the clerk=s
record, Ferrice failed to invoke his right of appeal and permitted the judgment
to become final.  See Tex. R. App. P. 37.3(b), 42.3(c).  Thereafter, Ferrice failed to file a motion
for rehearing or a petition for discretionary review to raise the claims he now
urgesCthat his
attorney made payment by check at the clerk=s office
for the exact amount due for the clerk=s
record, but that this court nevertheless dismissed the appeal for
nonpayment.  Because Ferrice failed to
exercise due diligence in pursuing all adequate legal remedies to the
challenged judgment or to show good cause for failing to exhaust those
remedies, he is not entitled to bill of review relief.  Thompson, 45 S.W.3d at 288; Lawrence,
911 S.W.2d at 448; see also Brewer v. Myrtle Cove Apartments, No.
05-01-01045-CV, 2002 WL 1767218, at *4 (Tex. App.CDallas
Aug. 1, 2002, no pet.) (not designated for publication) (holding that by
failing to pay $10 filing fee, appellant failed to invoke his right to appeal
and permitted judgment to become final; thus, he was not entitled to bill of
review relief).  Therefore, the trial
court did not err by dismissing Ferrice=s
petition for bill of review.  We overrule
Ferrice=s second
issue.

V.  Conclusion

Having overruled both of Ferrice=s
issues, we affirm the trial court=s
judgment dismissing Ferrice=s petition
for bill of review.

 

 

SUE
WALKER

JUSTICE

 

PANEL A:   CAYCE, C.J.; HOLMAN and WALKER, JJ.

 

DELIVERED: June 22, 2006











[1]See Tex. R. App. P. 47.4.