Fernali Ferrice a/k/a Fernanado Rios v. Legacy Ins. Agency, Inc.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-363-CV

FERNALI FERRICE A/K/A FERNANDO RIOS APPELLANT

V.

LEGACY INSURANCE AGENCY, INC. APPELLEE

------------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

The issue that we decide in this appeal is whether the trial court erred by dismissing the petition for bill of review filed by Appellant Fernali Ferrice a/k/a Fernando Rios.  Because Ferrice failed to establish due diligence in pursuing available legal remedies, we will affirm the trial court’s dismissal of the petition for bill of review.

II.  Procedural Background

Appellee Legacy Insurance Agency, Inc. filed suit against Ferrice, alleging claims for breach of contract and tortious interference with business relations and requesting a declaratory judgment, a constructive trust, and attorney’s fees.  Mid-West National Life Insurance Company of Tennessee filed a petition in interpleader and unconditionally tendered disputed funds, consisting of insurance commissions on insurance policies issued by Mid-West, into the registry of the court.  

In due course the trial court called the case to trial, but Ferrice did not appear.  The trial court entered findings of fact and conclusions of law and signed a final judgment, finding Ferrice liable to Legacy for breach of contract, tortious interference with business relations, and attorney’s fees.  The trial court ordered Ferrice to pay Legacy $30,844 from the commission account in Ferrice’s name that was held by Mid-West; $450,173 as damages for breach of contract and tortious interference with business relations; postjudgment interest on all sums at the annual rate of 10%; and $31,683 as attorney’s fees, plus $2,500 for each appeal of the judgment.  The trial court also created a constructive trust including all amounts held by Mid-West for the benefit of Legacy.  Ferrice timely filed a motion for new trial, which the trial court denied. Ferrice then timely filed a notice of appeal.  Approximately six weeks later, this court notified Ferrice that “[t]he trial court clerk responsible for preparing the record in this appeal ha[d] informed this court that payment arrangements ha[d] not been made to pay for the clerk’s record” and that his appeal would be dismissed for want of prosecution unless he made arrangements by August 5, 2003, to pay for the clerk’s record and provided this court with proof of payment.  Ferrice failed to comply.  On August 26, 2003, we issued a memorandum opinion and judgment, dismissing Ferrice’s appeal for want of prosecution for failure to pay for the clerk’s record.  No motion for rehearing or petition for review was filed.

Ferrice then timely filed a petition for bill of review in the trial court.  The petition alleged that Ferrice was entitled to relief by bill of review because his failure to prosecute his appeal was due to official mistake, unmixed with any fault or negligence of his own and alleged that he had two meritorious grounds for appeal—that he was entitled to a new trial as a matter of law and that the judgment contained improper unliquidated damages.

Legacy filed an answer and later filed a motion to dismiss Ferrice’s petition for bill of review, arguing that Ferrice had failed to allege a meritorious defense, failed to show fraud or a wrongful act on behalf of Legacy that would have prevented Ferrice from presenting a meritorious defense, and failed to show that he was not negligent or at fault.  The trial court granted Legacy’s motion to dismiss Ferrice’s petition for bill of review and dismissed the bill of review.  This appeal followed.

III.  Collateral Attack

In his first issue, Ferrice argues that the underlying judgment is void as a matter of law.  Specifically, Ferrice contends that the judgment is void and should be set aside because (1) it disposes of property (the Mid-West commissions) over which the trial court lacked subject matter jurisdiction, (2) it requires actions that exceed the trial court’s authority, and (3) it improperly imposes a constructive trust on the Mid-West commission account when the trial court lacked authority to impose such a trust.  

A claim that a judgment is void because the trial court lacks jurisdictional power to render it constitutes a collateral attack on the underlying judgment.  
See Narvaez v. Maldonado
, 127 S.W.3d 313, 317 (Tex. App.—Austin 2004, no pet.).  In a collateral attack challenging a judgment on the ground that it is void because the trial court lacked jurisdictional power to render it, the complainant is not required to prove the elements of a bill of review.  
See Middleton v. Murff
, 689 S.W.2d 212, 213 (Tex. 1985) (op. on reh’g).  “Jurisdictional power” in the context of a collateral attack is defined as “jurisdiction over the subject matter, the power to hear and determine cases of the general class to which the particular one belongs.”  
Id.
  In a collateral attack on a judgment, the recitations of the judgment control over the rest of the record, and extrinsic evidence cannot be used to establish a lack of jurisdiction.  
Narvaez
, 127 S.W.3d at 317.

The supreme court has given two examples of what is meant by a court lacking jurisdictional power to render judgment:  where a county court renders a divorce decree and where a county court enters a judgment regarding title to land.  
McEwen v. Harrison
, 162 Tex. 125, 345 S.W.2d 706, 709-10 (1961).  Other alleged errors in a judgment, besides those raising a lack of jurisdictional power, must be corrected through a bill of review if the time for a direct appeal has elapsed.  
Middleton
, 689 S.W.2d at 213-14.  

Here, Ferrice’s first issue—claiming the underlying judgment is void because the trial court lacked jurisdictional authority to render it—constitutes a collateral attack on the judgment.  Consequently, in determining this issue, the recitations in the judgment control, and extrinsic evidence cannot be examined to establish a lack of jurisdiction.  
Narvaez
, 127 S.W.3d at 317.  The trial court’s final judgment stated that “[t]he court determined it had jurisdiction over the subject matter and the parties to this proceeding.”  The judgment is regular on its face and was rendered by a court of general jurisdiction.  
See, e.g., Faglie v. Williams
, 569 S.W.2d 557, 563 (Tex. Civ. App.—Austin 1978, writ ref’d n.r.e.) (holding that a judgment that is regular on its face and rendered by court of general jurisdiction does not yield to collateral attack; it may be set aside only by direct attack).  The recitations in the trial court’s judgment control; the trial court, a court of general jurisdiction, found that it had jurisdiction specifically over the subject matter of the suit and over the parties.  Thus, Ferrice’s collateral attack on the judgment fails.  
See
 
Narvaez
, 127 S.W.3d at 317-18; 
Middleton
, 689 S.W.2d at 213-14.  We overrule Ferrice’s first issue.

IV.  Petition for Bill of Review

In his second issue, Ferrice contends that the trial court erroneously dismissed his petition for bill of review.  Specifically, he argues that his petition for bill of review set forth a prima facie case that (1) there was a failure to advance an appeal, (2) caused by an official mistake, unmixed with any fault or negligence of his, and (3) meritorious grounds for appeal exist.  Legacy contends that Ferrice negligently did not pursue all possible legal remedies available to him and that, therefore, the trial court correctly concluded that he was precluded from invoking the equitable remedy of bill of review. 

A bill of review is an equitable proceeding designed to prevent manifest injustice.  
French v. Brown
, 424 S.W.2d 893, 895 (Tex. 1967).  It is an equitable proceeding by a party to a former action who seeks to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial.  
Wembley Inv. Co. v. Herrera
, 11 S.W.3d 924, 926-27 (Tex. 1999).  A bill of review complainant must prove three elements:  (1) a meritorious defense to the cause of action alleged; (2) which he was prevented from making by the fraud, accident, or wrongful act of the opposing party or by official mistake; and (3) the absence of fault or negligence of the complainant.  
Baker v. Goldsmith
, 582 S.W.2d 404, 408 (Tex. 1979).  Additionally, to obtain relief via a bill of review a party must have exercised due diligence in pursuing all adequate legal remedies.  
Wembley Inv. Co.
, 11 S.W.3d at 927.  This due diligence requirement is a distinct requirement in addition to the three bill of review elements; the complainant must allege and prove that he exercised due diligence in pursuing all adequate legal remedies to the challenged judgment or show good cause for failing to exhaust those remedies.  
Caldwell v. Barnes
, 975 S.W.2d 535, 537 (Tex. 1998).  If the complainant had legal remedies that were ignored, relief by bill of review is unavailable.  
Wembley Inv. Co.
, 11 S.W.3d at 927; 
Thompson v. Henderson
, 45 S.W.3d 283, 288 (Tex. App.—Dallas 2001, pet. denied) (holding that in bill of review proceeding, misplaced reliance on attorney leading to failure to pursue appeal did not constitute official mistake and established lack of diligence in pursuing legal remedies); 
Lawrence v. Lawrence
, 911 S.W.2d 443, 448 (Tex. App.—Texarkana 1995, writ denied) 
(same).

Here, Ferrice filed a notice of appeal pertaining to the judgment on which he now complains.  However, this court dismissed his appeal because he failed to make arrangements by August 5, 2003, to pay for the clerk’s record and to provide this court with proof of payment.  By not paying for the clerk’s record, Ferrice failed to invoke his right of appeal and permitted the judgment to become final.  
See
 
Tex. R. App. P.
 37.3(b), 42.3(c).  Thereafter, Ferrice failed to file a motion for rehearing or a petition for discretionary review to raise the claims he now urges—that his attorney made payment by check at the clerk’s office for the exact amount due for the clerk’s record, but that this court nevertheless dismissed the appeal for nonpayment.  Because Ferrice failed to exercise due diligence in pursuing all adequate legal remedies to the challenged judgment or to show good cause for failing to exhaust those remedies, he is not entitled to bill of review relief. 
 
Thompson, 
45 S.W.3d at 288; 
Lawrence
, 911 S.W.2d at 448; 
see also Brewer v. Myrtle Cove Apartments
, No. 05-01-01045-CV, 2002 WL 1767218, at *4 (Tex. App.—Dallas Aug. 1, 2002, no pet.) (not designated for publication) (holding that by failing to pay $10 filing fee, appellant failed to invoke his right to appeal and permitted judgment to become final; thus, he was not entitled to bill of review relief).  Therefore, the trial court did not err by dismissing Ferrice’s petition for bill of review. 
 We overrule Ferrice’s second issue.

V.  Conclusion

Having overruled both of Ferrice’s issues, we affirm the trial court’s judgment dismissing Ferrice’s petition for bill of review.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and WALKER, JJ.

DELIVERED: June 22, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.