# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00678-CV

**Nicholas D. Brooks, Appellant**

**v.**

**Office of the Attorney General of Texas and Lorraine Jenkins, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-FM-06-002295, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Nicholas D. Brooks appeals from the district court's order denying his petition for bill of review. In the bill of review proceeding, Brooks sought to set aside a July 22, 2004 final order of the 250th District Court establishing his paternity of a child, D.J., and ordering him to pay child support both prospectively and retroactively to the time of the child's birth.[1] Brooks had answered the suit and filed a plea to the jurisdiction, contending that his parental rights to D.J. had been terminated through a prior proceeding in a Harris County district court and that this court had maintained continuing jurisdiction over the matter. However, he did not appear at the trial. In addition to ordering Brooks to pay child support, the 250th District Court had denied Brooks's plea

---

[1] The order required Brooks to pay $242.00 per month in current child support, $25 per month in medical support, and $11,616 ($133 per month) in retroactive child support.

to the jurisdiction "because the Harris County case was nonsuited and dismissed without prejudice for want of prosecution."

In his bill of review, Brooks asserted that he did not receive notice of the trial setting and that he had the meritorious defenses that (1) his parental rights to D.J. had been terminated in the Harris County district court and that this court had maintained continuing jurisdiction (as Brooks had argued in his plea to the jurisdiction); and (2) he had already paid some child support for D.J. prior to the July 2004 order. In two issues, Brooks contends that the district court abused its discretion in denying his bill of review. On this record, we cannot conclude that the district court abused its discretion in denying him relief, and will affirm its order.

We review a trial court's ruling on a bill of review for abuse of discretion, indulging every presumption in favor of the court's ruling. *Davis v. Smith*, 227 S.W.3d 299, 302 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Narvaez v. Maldonado*, 127 S.W.3d 313, 319 (Tex. App.—Austin 2004, no pet.); *Interaction, Inc./State v. State/Interaction, Inc.*, 17 S.W.3d 775, 778 (Tex. App.—Austin 2000, pet. denied). "The burden on a bill of review complainant is heavy because it is fundamentally important that judgments be accorded some finality; therefore, bills of review seeking relief from otherwise final judgments are scrutinized 'with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted.'" *Narvaez*, 127 S.W.3d at 319 (quoting *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950)). Because the record reflects that Brooks did not request, and the district court did not make, findings of fact and conclusions of law, we will affirm the district court's judgment if it is correct on any legal

2

theory supported by the evidence. *Davis*, 227 S.W.3d at 302 (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990)).

A bill of review "is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal." *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). Because of the importance our legal system places on the finality of judgments, bills of review are permitted only in exceptional circumstances. *Nelson v. Chaney*, 193 S.W.3d 161, 165 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Alexander*, 226 S.W.2d at 998). To prevail, the petitioner must plead and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) that he was prevented from making by the fraud, accident, or wrongful act of his opponent, (3) unmixed with any fault or negligence of his own. *Caldwell*, 154 S.W.3d at 96. Successfully establishing the elements for a bill of review entitles the petitioner to a new trial of the underlying cause of action. *See id*. at 97.

In this case, Brooks failed to prove, at the very least, the third element. Generally, bill of review relief is available only if a party has exercised due diligence in pursuing all adequate legal remedies against a former judgment. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999). If legal remedies were available but ignored, relief by equitable bill of review is unavailable. *Id*.; *see also Narvaez*, 127 S.W.3d at 321 ("Equity aids the diligent and not those who slumber on their rights."). One such remedy is Texas Rule of Civil Procedure 306a, which allows a party who has not received notice of a judgment from the clerk within twenty days to calculate post-judgment deadlines from the date the party or its attorney received notice of the judgment, but "in no event shall such periods begin more than ninety days after the original judgment was signed."

3

Tex. R. Civ. P. 306a(4).  Thus, provided that Brooks had notice of the default judgment within 90 days after it was signed, he could have pursued this remedy.  *See Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 296-97 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

Here, there was evidence sufficient to support the district court's implied finding that, at a minimum, Brooks had failed to exercise due diligence in pursuing available appellate remedies once he had knowledge of the default judgment.  The record reflects that on October 11, 2004—within 90 days of the July 22, 2004 order—Brooks served on the Attorney General a "Motion to Withdraw Administrative Writ and Request for Hearing."  The filing stated that "[a] default judgment has been entered against the Movant for the payment of child support" and indicated that an administrative hearing regarding the enforcement of the child-support order had been held.  Brooks asserted that his parental rights to D.J. had been terminated in the Harris County proceeding and indicated that the Attorney General "returned child support payments to Movant after this date."  The 250th District Court subsequently denied this motion on June 29, 2005.[2]  This record supports the district court's implied findings in the bill-of-review proceeding that Brooks had failed to diligently pursue available appellate remedies to set aside the July 2004 final order once he learned of it.  *See* Tex. R. Civ. P. 306a; *Narvaez*, 127 S.W.3d at 321 (where record did not clearly disclose whether petitioner availed himself of rule 306a, bill of review was properly denied); *see also Gold v. Gold*, 145 S.W.3d 212, 214 (Tex. 2004) ("If a motion to reinstate, motion for new trial, or

---

[2] On the same date, the court also issued an order denying a "Motion to Dismiss" filed by Brooks, although such a motion does not appear in our record.

direct appeal is available, it is hard to imagine any case in which failure to pursue one of them would not be negligence.").

Furthermore, one of the arguments raised in Brooks's petition for bill of review, involving the alleged termination of Brooks's parental rights in Harris County, was previously addressed in his motion to withdraw the administrative writ, which the district court considered and denied. Issues that have already been litigated or could have been litigated in the trial court cannot be relitigated in a bill of review. *See Boaz v. Boaz*, 221 S.W.3d 126, 131-32 (Tex. App.—Houston [1st Dist.] 2006, no pet.).[3]

We also observe that there is conflicting evidence as to whether Brooks received notice of the trial. The district court, as the fact-finder, was free to resolve this conflict in the evidence in favor of finding that Brooks received notice. *See Garza v. Attorney Gen.*, 166 S.W.3d 799, 808 (Tex. App.—Corpus Christi 2005, no pet.) (when reviewing trial court's ruling on bill of review, "[i]f the record supports the trial court's evidentiary findings, the reviewing court is not at liberty to disturb them.").

On this record, we cannot conclude that the district court abused its discretion in denying Brooks's petition for bill of review. We overrule Brooks's issues and affirm the district court's order.

---

[3] We recognize that Brooks apparently was acting pro se when he filed his motion to withdraw the administrative writ. However, in order to prevent unfair advantage over litigants represented by counsel, pro se litigants are held to the same standards as licensed attorneys and are required to comply with applicable laws and procedural rules. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   June 11, 2008