*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-08-00576-CV

Donald A. **PAYNE**,
Appellant

v.

Wilma **PAYNE**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-07788
Honorable Peter Sakai, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
        Karen Angelini, Justice
        Phylis J. Speedlin, Justice

Delivered and Filed:    February 11, 2009

AFFIRMED

Donald Payne appeals the trial court's judgment denying his petition for a bill of review. We

affirm.

## BACKGROUND

Donald and Wilma Payne were married in 1989. In 2005, Wilma filed a petition for divorce.

The trial court informed the parties on May 3, 2006 that it intended to grant them a divorce, but did

not sign the parties' final divorce decree at that time. After the trial court informed the parties of its

intentions, Donald's attorney moved to withdraw as Donald's counsel. On October 4, 2006, the trial court issued an order granting counsel's motion to withdraw as Donald's counsel. In addition to granting counsel's motion to withdraw, the trial court's order notified the parties that a hearing on Wilma's motion to sign the final divorce decree was set for October 16, 2006. Both Donald and his attorney signed the trial court's October 4 order.

Despite the language in the trial court's order notifying Donald of the October 16 hearing on Wilma's motion to sign the final divorce decree, Donald did not appear at the hearing. When Donald failed to appear, the trial court proceeded to sign the final divorce decree in Donald's absence. Donald learned of the trial court's signing of the final divorce decree later that day when he appeared at the courthouse "to inquire about additional rights that [he] may be entitled to concerning [the couple's marital] property."[1]

After learning of the signing of the final divorce decree, Donald immediately filed several motions with the trial court. These motions, the first of which was filed on October 23, 2006, generally complained about the trial court's signing of the final divorce decree in his absence. Although Donald filed an array of motions upon discovering that the trial court had signed the final divorce decree, Donald did not file a notice of appeal at any time.

Donald and Wilma continued to litigate various enforcement and modification matters in the trial court over the course of the next year. Donald, who was dissatisfied with the trial court's division of the marital estate, decided to file a petition for a bill of review on May 5, 2008. Donald claimed he was entitled to a bill of review because he never received notice of the October 16, 2006 hearing on Wilma's motion to sign the final divorce decree.

---

[1] Donald filed an affidavit with the trial court seven days after the trial court signed the final divorce decree acknowledging that he learned of the final divorce decree the same day it was signed by the court.

The trial court denied Donald a bill of review following a hearing on Donald's petition. According to the trial court, Donald has "no basis . . . to challenge the decree." Donald now appeals from the trial court's denial of his bill of review.

## STANDARD OF REVIEW

When reviewing the grant or denial of a bill of review, we indulge every presumption in favor of the trial court's ruling. *Narvaez v. Maldonado*, 127 S.W.3d 313, 319 (Tex. App.—Austin 2004, no pet.). We will not disturb the trial court's ruling unless the court abused its discretion. *Id.* A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner, or without reference to any guiding rules and principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). "The burden on a bill of review complainant is heavy because it is fundamentally important that judgments be accorded some finality; therefore, bills of review seeking relief from otherwise final judgments are scrutinized 'with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted.'" *Narvaez*, 127 S.W.3d at 319.

## DISCUSSION

Donald claims the trial court erred in denying his petition for a bill of review because he satisfies the requisite elements for a bill of review. A bill of review is an equitable proceeding by a party to a former action who seeks to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926-27 (Tex. 1999). A bill of review complainant must plead and prove: (1) a meritorious defense to the cause of action alleged; (2) that he was prevented from making by the fraud, accident, or wrongful act of the opposing party or by official mistake; and (3) the absence of fault or negligence of the complainant. *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998); *Narvaez*, 127 S.W.3d at 319.

Even if we were to assume that Donald can satisfy the aforementioned requirements for a bill of review, we must nonetheless uphold the trial court's decision to deny Donald a bill of review. It is well settled that bill of review relief is available only if a party has exercised due diligence in pursuing all adequate legal remedies. *Herrera*, 11 S.W.3d at 927. If legal remedies were available but ignored, relief by bill of review is inappropriate. *Id.* Here, the record plainly reflects that Donald had notice of the signing of the final divorce decree the same day it was signed by the trial court. Despite having notice of the final divorce decree in time to file a direct appeal, Donald did not pursue the legal remedy of appeal. Instead, Donald opted to wait over a year after the signing of the final divorce decree to attack the decree through a bill of review. Under these circumstances, we conclude Donald is not entitled to a bill of review because he failed to exercise due diligence in pursuing all adequate legal remedies available following his discovery of the trial court's signing of the final divorce decree. *See id.*; *Lovejoy v. Lovejoy*, No. 04-04-00358-CV, 2005 WL 1552623, *1 (Tex. App.—San Antonio 2005, no pet.) (mem. op.). Donald's appellate complaints concerning the trial court's denial of his petition for a bill of review are therefore overruled.

Donald also attacks the propriety of the divorce decree on appeal. Our jurisdiction in this appeal, however, is limited to the judgment denying Donald's petition for a bill of review. *Lovejoy*, 2005 WL 1552623 at *1. Because we have no jurisdiction to review the divorce decree, we decline to consider Donald's complaints concerning the propriety of the divorce decree. *See id.*

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

Catherine Stone, Chief Justice