Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

# MEMORANDUM OPINION

No. 04-09-00198-CV

Lorrie G. **HALE**
Appellant

v.

Brian E. **HALE**
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-14517
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:   Sandee Bryan Marion, Justice

Sitting:       Sandee Bryan Marion, Justice
              Rebecca Simmons, Justice
              Marialyn Barnard, Justice

Delivered and Filed: September 23, 2009

REVERSED AND REMANDED

This is an appeal of an order granting a bill of review. The bill of review was filed by appellee, Brian E. Hale, who sought to set aside a 2003 default judgment. The trial court granted the bill of review, and ordered a new trial. Appellant, Lorrie G. Hale, now appeals the trial court's grant of the bill of review. We reverse and remand.

## BACKGROUND

In November 2003, Lorrie sued Brian to enforce an out-of-state divorce decree. On December 22, 2003, the trial court signed a default judgment against Brian in the enforcement action awarding Lorrie past due child and spousal support. Brian filed a timely motion for new trial in the trial court. An agreement, in which the parties' attorneys agreed to a new trial, was filed with the trial court on March 3, 2004. However, the trial court never signed a written order granting the motion for new trial. Several years later, Lorrie sought execution on the 2003 default judgment and, thereafter, Brian filed a petition for bill of review in the trial court seeking to vacate the December 2003 default judgment. The trial court granted the petition of bill of review, vacated the December 2003 default judgment, and ordered a new trial on the issue of child support. Lorrie appealed the trial court's decision to grant the bill of review, but it was dismissed for want of jurisdiction because the judgment was interlocutory. *See Hale v. Hale*, No. 04-08-00272-CV, 2008 WL 2434233, at *1 (Tex. App.—San Antonio June 18, 2008, no pet.). After the completion of the new trial, the trial court signed a Judgment on Petition for Enforcement of Child Support Arrearage and Spousal Support Arrearage denying the relief requested by Lorrie. Lorrie filed this appeal complaining only of the trial court's order granting the bill of review.

## STANDARD OF REVIEW

We review the trial court's grant or denial of a bill of review for an abuse of discretion, and every presumption is indulged in favor of the court's ruling. *Interaction, Inc. v. State*, 17 S.W.3d 775, 778 (Tex. App.—Austin 2000, pet. denied). "A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principals." *Id.* "Because it is fundamentally important that judgments be accorded some finality . . . bills of review

seeking relief from otherwise final judgments are scrutinized 'with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted.'" *Narvaez v. Maldonado*, 127 S.W.3d 313, 319 (Tex. App.—Austin 2004, no pet.) (quoting *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (Tex. 1950)).

## DISCUSSION

A bill of review is an independent equitable proceeding brought by a party to a former action who seeks to set aside a judgment that is no longer appealable or subject to a challenge by a motion for new trial. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam). To prevail, a bill of review plaintiff must prove: (1) a meritorious defense to the cause of action upon which the judgment is based, (2) which he or she was prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on his or her own part. *Caldwell*, 154 S.W.3d at 96; *Baker v. Goldsmith*, 582 S.W.2d 404, 406-07 (Tex. 1979). Additionally, bill of review relief is available only if a party has exercised due diligence in pursuing all adequate legal remedies. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999). This due diligence requirement is distinct from the three bill of review elements and must be established before a complainant is entitled to seek bill of review relief. *Narvaez*, 127 S.W.3d at 321. "The inquiry traditionally used to determine whether a party has been diligent is whether the litigant and his counsel used such care as that which prudent and careful men would ordinarily use in their own cases of equal importance." *In the Interest of A.L.H.C.*, 49 S.W.3d 911, 916 (Tex. App.—Dallas 2001, pet. denied).

On appeal, Lorrie argues the trial court erred in granting Brian's petition for bill of review because Brian did not directly appeal the default judgment, and therefore, he failed to diligently

pursue all adequate legal remedies against the default judgment. The record reflects Brian timely filed a motion for new trial. Additionally, on March 3, 2004, an agreement to a new trial signed by the attorneys for both parties was filed with the trial court. However, a written order granting Brian's motion for new trial was never signed, and therefore, the motion was overruled by operation of law. *See In re Lovito-Nelson*, 278 S.W.3d 773, 775 (Tex. 2009) (requiring a written order to grant a motion for new trial). After the motion was denied by operation of law, Brian failed to appeal the default judgment. The Texas Supreme Court has held "that one with an available appeal who fails to pursue that remedy is not entitled to seek relief by way of a bill of review." *Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex. 1980) (citing *French v. Brown*, 424 S.W.2d 893 (Tex. 1967)). Because Brian did not pursue the available remedy of an appeal after his motion for new trial was overruled, we must conclude that bill of review relief was not available. *See Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) ("Although it is an equitable proceeding, the fact that an injustice has occurred is not sufficient to justify relief by bill of review."). Therefore, we conclude the trial court erred in granting Brian's petition for bill of review.

## CONCLUSION

We reverse the trial court's order granting bill of review relief and the court's March 9, 2009 Judgment on Petition for Enforcement of Child Support Arrearage and Spousal Support Arrearage, and we remand the cause to the trial court for further proceedings consistent with this opinion.

Sandee Bryan Marion, Justice