STATE of Missouri,
Plaintiff/Respondent,

v.

Kenneth E. TILLEY,
Defendant/Appellant.

No. 58492.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 29, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 3, 1992.

Application to Transfer Denied
April 21, 1992.

Brad B. Baker, Columbia, for defendant/appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

REINHARD, Presiding Judge.

Defendant was convicted by a jury of assault in the first degree, § 565.050 RSMo, 1986 and armed criminal action, § 571.015. He was sentenced by the court as a prior, persistent and Class X offender to ten years imprisonment on the assault count and five years on the armed criminal action count to be served consecutively. We reverse and remand.

The incident in question occurred between 12:50 a.m. and 1:30 a.m. on January 21, 1991, when Gail Curry, his wife and another couple entered Simon Sez lounge in Cape Girardeau, Missouri. The defendant presented no evidence in this case, so the following account was adduced from Curry's testimony. Curry and his wife were sitting at a table when the defendant walked by and tripped over the leg of Curry's chair. The defendant directed profanity at Curry and then sat at the next table with Ruby Edwards, Ricky Hunter and Charlotte Turner. The defendant continued to direct profanity at Curry, who initially ignored it but then responded, "Are you talking to me?". The defendant stood up and started coming around the table. Curry stood up. The defendant took an errant swing, then Curry knocked him to the floor with his fist. A woman who had been sitting with the defendant interposed herself between the combatants, placing her hands on Curry. A bartender, Rhonda Bloodworth, also intervened. Once the two were separated Curry noticed blood on his shoulder and realized he had been stabbed. A knife blade had been broken off in his shoulder. Curry had not seen the defen-

dant with a knife. Curry testified he had said nothing to encourage the fight.

The testimony of the other witnesses adduced the following information. No other witnesses saw who started the fight and none saw the defendant with a knife. Ruby Edwards, who testified she was the woman who had intervened, and Rhonda Bloodworth each testified they had not stabbed Curry. Ricky Hunter, companion of the defendant, and Ruby Edwards testified that shortly after the incident the defendant told them he had to stab Curry because Curry was choking him. Rhonda Bloodworth testified that she heard Curry say, "If you want to fight, we can fight," but she also testified that Curry seemed confused as to why the incident was happening.

■ Defendant contends that the trial court erred in overruling the motion for judgment of acquittal at the close of the evidence and the motion for a new trial because the State's evidence was insufficient to prove the defendant's actions were not justified as self-defense. The defendant cites *State v. Chambers*, 671 S.W.2d 781, 783 (Mo. banc 1984) for the proposition that in reviewing the sufficiency of evidence on a self-defense claim, the appellate court must consider the evidence in the light most favorable to the defendant. The defendant misreads *Chambers*. That case involved whether there was sufficient evidence to warrant submission of a self-defense instruction to the jury. In making that determination, the court must consider the evidence in the light most favorable to the defendant, *Id.* Here, however, the defendant seeks not to submit an instruction, but rather claims the trial court erred in allowing the case to go to the jury. "Only when *all* evidence clearly and without dispute shows that the conduct of the accused is justified ... may a court acquit ... without a tender of self-defense to the jury." *State v. Grier*, 609 S.W.2d 201, 203 (Mo.App.1980). [Emphasis in the original.] In the present case, not all of the evidence supports the self-defense claim and, therefore, the issue was properly submitted to the jury. Defendant's first point is denied.

In his other point, defendant makes challenges to the self-defense instruction given by the court. First, a paragraph of the instruction given differed from MAI–CR3d 306.06 (1–1–87) Part A[4], Part A[4] reads:

As used in this instruction, the term "reasonable belief" means a belief based on reasonable grounds, that is, grounds which could lead a reasonable person in the same situation to the same belief. *This depends upon how the facts reasonably appeared.* It does not depend upon whether the belief turned out to be true or false.

The instruction given omitted the sentence, "This depends upon how the facts reasonably appeared." Defendant also alleges error in that MAI–CR3d 306.06 Part B[3][C] was not included in the instructions. It reads:

If the defendant reasonably believed he was in imminent danger of harm from the acts of [Gail W. Curry] and he used only such non-deadly force as reasonably appeared to him to be necessary to defend himself, then he acted in lawful self-defense and must be found not guilty.

This paragraph did not appear in the instructions in its entirety. The portion omitted read, "If the defendant reasonably believed he was in imminent danger of harm from the acts of [Gail W. Curry]...." Defendant contends these omissions are prejudicial because the instruction "failed to properly instruct the jury on the definition of a term key to the issue of self-defense," and these omissions may have adversely influenced the jury's decision.

■ The giving of an instruction in violation of the Notes on Use under MAI–CR constitutes error, its prejudicial effect to be judicially determined. State v. Boggs, 634 S.W.2d 447, 455 (Mo. banc 1982). The State argues there is no prejudice here because the defendant did not specifically object to the instruction and, further, by reading all the instructions together as we must in reviewing a claim prejudicial instructional error, no prejudice exists. *State v. Livingston*, 801 S.W.2d 344 (Mo. banc 1990). Although the defendant did not specifically object to these

errors in the instruction, he tendered an instruction which included the language which was omitted from the one the court gave. We have considered all the instructions and conclude that the presumption of prejudice has not been overcome. In reaching this conclusion we consider that there was substantial evidence of self-defense in this case. In *State v. Simmons,* 725 S.W.2d 162 (Mo.App.1987), we reversed a conviction involving the failure to include in the self-defense instruction a paragraph instructing on the right to act on reasonable appearances that prove to be false. While the omissions here are not the same, their importance is equally compelling.

Defendant raises another objection to this instruction which we need not discuss. The error was not prejudicial and can be corrected on retrial.

Judgment reversed and remanded for a new trial.

GARY M. GAERTNER and CRANE, JJ., concur.