# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00096-CV

**Guadalupe Economic Services Corporation, Appellant**

**v.**

**Pedro DeHoyos, Jr. and Charlot DeHoyos, Appellees**

### FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
### NO. 24,436, HONORABLE TERRY L. FLENNIKEN, JUDGE PRESIDING

## O P I N I O N

Pedro and Charlot DeHoyos sued Guadalupe Economic Services Corporation ("GES") and others.[1]  Neither GES nor any of the other defendants appeared at trial.  The district court entered a default judgment against each defendant.  On restricted appeal, GES argues that the DeHoyoses failed to send it notice of the trial date and, consequently, that the district court erred in entering a judgment against it.  *See* Tex. R. Civ. P. 245; *see also Smith v. Lippmann*, 826 S.W.2d

---

[1]  Additional defendants were U.S. Bank, N.A.; Morris Hickman, individually and d/b/a Home Ownership of Texas, Inc. ("Hickman"); National Circuit Systems, Inc., f/n/a Austin Home Partners, Inc. ("NCS"); and First Texas Mortgage Group, Inc. ("FTM").  U.S. Bank was non-suited before trial.  Only GES appealed the judgment.

137, 138 (Tex. 1992) (per curiam).  We will affirm in part and reverse and remand in part for further proceedings.

## BACKGROUND

GES is a nonprofit organization that was involved in a "lease to own" program designed to enable low-income purchasers to buy houses.  Under the program, GES would purchase a house subject to a mortgage.  After purchasing the house, GES would then "rent" it to a potential buyer participating in the program.  The potential buyer, as tenant, would pay rent equal to the monthly mortgage payment to GES for a two-year period.  GES, in turn, was responsible for the monthly mortgage payments.  At the end of the lease term, and after making all the rent payments, the potential buyer would then assume the mortgage.

In June 2000, the DeHoyoses became tenants of GES under this program.  In April 2002, GES stopped paying its monthly mortgage payments and would not allow the DeHoyoses to pay the remaining balance on the mortgage.  U.S. Bank foreclosed on the property on March 13, 2003.  On March 31, the DeHoyoses sued GES for deceptive trade practices, *see* Tex. Bus. & Com. Code Ann. §§ 17.46(b)(5), (b)(7), (b)(9), (b)(23), 17.50(a)(3) (West 2002); fraud, *see id.* § 17.45 (West 2002); and fraud in a real estate context, *see id.* § 27.01-.02 (West 2002).

GES, which apparently was not represented by counsel at the time, responded to the DeHoyoses' petition by mailing a letter to the district court requesting that the suit be dismissed. In its letter, GES justified its failure to make the mortgage payments by alleging that the DeHoyoses had failed to pay rent for eight months, had eight past-due payments, and had eight late fees.

2

According to GES, its inability to pay was due to the DeHoyoses' failure to pay rent. The letter did not state a cause number, and, although it identified the plaintiffs, it did not identify all the defendants. The letter was signed by Richard Lopez, GES's Executive Director. Lopez is not a lawyer.

On August 11, 2004, the DeHoyoses sent a notice to the district court setting the trial date for September 8, 2004. *See* Tex. R. Civ. P. 245. Although the notice stated that it would be sent to "all parties of record," the DeHoyoses conceded at trial and in their appeal that GES was not served.

GES did not appear at the trial.[2] The district court then entered a judgment jointly and severally against all the defendants for $302,203 in actual damages and individually against GES for $371,402 in exemplary damages. This appeal followed.[3]

## DISCUSSION

GES raises six issues on appeal, together complaining that its due process rights were violated because it was not provided notice of the hearing even though it had filed an answer. *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86-87 (1988) (after making appearance in case,

---

[2] None of the defendants appeared at trial. Although NCS filed an answer and was sent notice of the trial date, it failed to appear. FTM was not sent notice of the trial date and did not appear. At trial, the DeHoyoses' counsel stated that he had a Soldier's and Sailor's Affidavit verifying the absence of Mr. Hickman. *See* Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. app. §§ 501-548, 560-593 (West 1990) (servicemember who is party in civil judicial proceedings may obtain stay of proceedings if certain conditions are met).

[3] GES did not timely file a postjudgment motion or a request for findings of fact and conclusions of law. Thus, it filed this appeal as a restricted appeal. *See* Tex. R. App. P. 30.

defendant is entitled to notice of trial setting as matter of due process under Fourteenth Amendment); *see also LBL Oil Co. v. International Power Servs., Inc*., 777 S.W.2d 390, 390 (Tex. 1989). The DeHoyoses respond that GES was not entitled to notice because it did not file an answer. *See Wilson v. Wilson*, 132 S.W.3d 533, 536 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

Because GES has filed a restricted appeal, we review the district court's decision for reversible error. *See* Tex. R. App. P. 44. The error must appear on the face of the record. *Norman Comm. v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). Therefore, we will reverse only if the decision, on its face, "probably caused the rendition of an improper judgment." Tex. R. App. P. 44.

It is axiomatic that, in order for a judgment to be accorded finality, all parties to a lawsuit must have been accorded procedural due process of law. *Anderson v. Anderson*, 698 S.W.2d 397, 399 (Tex. App.—Houston [14th Dist.] 1985, writ dism'd). Courts have repeatedly held that due process requires that a party be given notice of a lawsuit and an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 312 (1950); *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983). A letter filed by a non-attorney corporate officer may be an answer, albeit a defective one, sufficient to forestall a default judgment.[4] *See KSNG Architects, Inc.*

---

[4] Only a licensed attorney can appear and represent a corporation in litigation. *Kunstoplast of Am. v. Formosa Plastics Corp., USA,* 937 S.W.2d 455, 456 (Tex. 1996); *Dell Dev. Corp. v. Best Indus. Unif. Supply Co.*, 743 S.W.2d 302, 303 (Tex. App.—Houston [14th Dist.] 1987, writ denied); *Electronic Data Sys. Corp. v. Tyson*, 862 S.W.2d 728, 737 (Tex. App.—Dallas 1993, no writ); *Globe Leasing, Inc. v. Engine Supply & Mach. Serv.*, 437 S.W.2d 43, 45 (Tex. Civ. App.—Houston [1st Dist.] 1969, no writ); *see also* Tex. R. Civ. P. 7. However, when considering answers filed by non-attorney corporate officers, the courts of appeals have "gone to great lengths to excuse defects in answers to prevent the entry of default judgments against parties who have made some attempt,

*v. Beasley*, 109 S.W.3d 894, 899 n.5 (Tex. App.—Dallas 2003, no pet.); *Custom-Crete, Inc. v. K-Bar Servs.*, 82 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.); *R.T.A. Int'l v. Cano*, 915 S.W.2d 149, 150-51 (Tex. App.—Corpus Christi 1996, writ denied); *see also In re Lewis*, No. 07-04-0432, 2004 Tex. App. LEXIS, at *6-7 (Tex. App.—Amarillo 2004, no pet.).

The trial court errs if it proceeds to trial when an answer is on file without giving notice of the trial setting. *Terehkov v. Cruz*, 648 S.W.2d 441, 442 (Tex. App.—San Antonio 1983, no writ). The term "answer" has been construed to mean a "written pleading of some character." *Santex Roofing & Sheet Metal, Inc. v. Venture Steel, Inc.*, 737 S.W.2d 55, 56 (Tex. App.—San Antonio 1987, no writ) (citing *State v. Patterson*, 40 S.W. 224 (Tex. Civ. App.—Houston [1st Dist.] 1897, no writ)). A responsive pleading should be liberally construed in the absence of special exceptions. *Id*. at 56-57. However, an answer must contain sufficient information to place in issue the claims made in the suit. *Terehkov*, 648 S.W.2d at 443.

A defendant who timely files a *pro se* answer by a signed letter that identifies the parties, the case, and the defendant's current address, has sufficiently appeared by answer and deserves notice of any subsequent proceedings. *Lippmann*, 826 S.W.2d at 138. In *Lippman*, for example, the defendant responded to a citation by writing a letter *pro se* to the district clerk. *Id*. at 137. The letter stated: "I (Gilbert Smith) have received and signed for the citation for case number 43,846, Rae Lippmann v. Gilbert Smith, issued by the Honorable District Court 75th Judicial District

albeit deficient, unconventional, or flat out forbidden under the Rules of Civil Procedure, to acknowledge that they have received notice of the lawsuit pending against them." *Hock v. Salaices*, 982 S.W.2d 591, 593 (Tex. App.—San Antonio 1998, no pet.).

5

of Libert (sic) County, Texas at the Court House of said County in Liberty, Texas on the 31st day of March of 1989." *Id*. The letter noted the defendant's mailing address immediately below his signature. *Id*. The supreme court held that although this letter was not a "standard form" of an answer, it still gave the court a timely response acknowledging receipt and acceptance of the citation and petition. *Id*. Therefore, the defendant was entitled to notice of the hearing. *Id*.

Although the supreme court stated in *Lippman* that a letter possessing all of the listed identifying factors was a sufficient answer, it did not address whether a letter that included some, but not all of the factors, would also be sufficient. However, the court cited *Terehkov v. Cruz* as authority for its holding. *Lippman*, 826 S.W.2d at 138 (citing *Terehkov*, 648 S.W.2d at 442). In *Terehkov*, the San Antonio court held that a *pro se* answer was sufficient even though it only contained the defendant's signature, address and an assertion that it was not liable for the plaintiff's claims. *Terehkov*, 648 S.W.2d at 442. The *Lippman* court did not limit *Terehkov* in any way. Instead, it adopted *Terehkov*'s proposition that a signed letter sent to a clerk that acknowledged receipt of a citation was a sufficient answer. *Lippman*, 826 S.W.2d at 138.

In applying *Lippman*, we have held that a *pro se* document does not constitute an answer if it in no way responds to the petition. *See Narvaez v. Maldonado*, 127 S.W.3d 313, 318 (Tex. App.—Austin 2004, no pet.). In *Narvaez*, the defendant signed the return portion of the citation and mailed it back to the district clerk. *Id*. The defendant claimed that the envelope in which the citation was mailed included his return address and should therefore constitute as an answer. *Id.* On appeal, we held that the document was not an answer because it was not a letter, did

6

not include the defendant's current address, and did not even acknowledge receipt or acceptance of the citation and petition. *Id.*

GES's letter is more similar to the letter in *Lippman* than to the document in *Narvaez*. Instead of merely containing a signature on the citation as in *Narvaez*, GES's letter timely acknowledged receipt and acceptance of the citation and petition and responded to the DeHoyoses' allegations. Specifically, the letter stated:

> We have received the Citation of Personal Service filed by Pedro and Charlot Dehoyos, and have prepared this response per your request. Guadalupe Economic Services . . . requests that this Citation and all charges therein be dismissed.

GES's letter further asserted that the DeHoyoses were eight months past due on their rent and had incurred eight months worth of late fees. GES argued that it was not capable of making mortgage payments on behalf of nonpaying tenants because it is a nonprofit and does not have sufficient cash to do so. Richard Lopez, GES's Executive Director, signed the letter, and GES's address was provided at the foot of its letterhead.

Although GES's letter failed to state the cause number and the additional defendants, the information it provided about the case was sufficient to allow the district clerk's office to identify it and file it correctly. *See Harris v. Harris*, 850 S.W.2d 241, 242-43 (Tex. App.—Houston [1st Dist] 1993, no writ) (information in *pro se* letter sufficient to identify case number constituted answer). We conclude that the letter constituted an answer sufficient to entitle GES to notice of proceedings in this case.

7

The DeHoyoses concede that, as long as GES gave an answer to the suit, it was otherwise legally entitled to notice of the trial date. GES had an answer on file, and, because it was not provided notice of the trial date, a default judgment against it is reversible error. *See Terehkov*, 648 S.W.2d at 442. We sustain GES's issues.

## CONCLUSION

We have sustained GES's issues on appeal. We affirm in part; we reverse the judgment in part, concerning GES's liability, and remand for further proceedings.

_____

Bob Pemberton, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Affirmed in Part; Reversed and Remanded in Part

Filed: October 27, 2005

8