IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00028-CV

 

Texas Faith Partners, d/b/a 

Traditions Square Apartments,

                                                                      Appellant

 v.

 

Kimberly Lindke,

                                                                      Appellee

 

 



From the 335th District Court

Burleson County, Texas

Trial Court No. 24,255

 



MEMORANDUM  Opinion










 

      Lindke brought suit against
Texas Faith Partners for bad-faith retention of an apartment security deposit,
for fraud, and for violations of the Deceptive Trade Practices–Consumer
Protection Act and Texas Theft Liability Act.  See Tex. Bus. & Comm. Code Ann. §§ 17.41-17.63
(Vernon 2002 & Supp. 2006); Tex.
Civ. Prac. & Rem. Code Ann. §§ 134.001-134.005 (Vernon 2005). 
The trial court rendered a default judgment for Lindke.  Texas Faith Partners
brings this restricted appeal.  See Tex.
R. App. P. 30.  We reverse.

      In Texas Faith Partners’ first
issue, it contends that it filed an answer, and thus that the trial court erred
in rendering a no-answer default judgment when an answer was on file.  Lindke
argues that Texas Faith Partners did not file an answer.

      “[A]t any time after a
defendant is required to answer, the plaintiff may . . . take
judgment by default against such defendant if he has not previously filed an
answer, and provided that the citation with the officer’s return thereon shall
have been on file with the clerk for the length of time required
. . . .”  Tex. R. Civ. P.
239; see id. 107.  “A default judgment may not be rendered after the
defendant has filed an answer.”  Davis v. Jefferies, 764 S.W.2d 559, 560
(Tex. 1989) (per curiam) (citing Kinnard v. Herlock, 20 Tex. 48 (1857));
accord In re K.B.A., 145 S.W.3d 685, 692 (Tex. App.—Fort Worth 2004, no
pet.); see Toliver v. Dallas Fort Worth Hosp. Council, 198 S.W.3d 444,
449 (Tex. App.—Dallas 2006, no pet.).

      Lindke’s causes of actions
were predicated upon Texas Faith Partners’ not returning Lindke’s $300 security
deposit after Lindke vacated an apartment which she leased from Texas Faith
Partners.  Lindke served her petition on Texas Faith Partners’ on-site
apartment manager, Linda Warden.  Warden filed with the trial court clerk a
letter accompanied by her report of the disposition of Lindke’s deposit.  The
letter stated:

CAUSE NO.
24,255

KIMBERLY LINDKE

Vs.

TEXAS FAITH PARTNERS

D/b/a TRADITION
 SQUARE

APARTMENTS

TO THE HONORABLE COURT:

      I LINDA WARDEN COME, ON BEHALF OF TEXAS FAITH PARTNERS D/B/A TRADITION SQUARE APARTMENTS.

      PLEASE FIND ATTACHED OUR PAPERWORK TO
EXPLAIN THE REASON FOR NOT RETURNING MS. LINDKES DEPOSIT OF $ 300.00.  I
ALSO HAVE FURTHER PROOF IN PICTURES.

RESPECTFULLY SUBMITTED,

/S/ Linda Warden

MANAGER

Tradition Square Apts

710 N. Hall

Caldwell, Tx.  77836

(I C.R. at 20.)[1]  

      The
accompanying report states, in relevant part:

Deductions:

      . . .

      3.    Damages
to apartment including cleaning, repairs, and           $210.00     

             missing property.  (SEE
ATTACHED SHEET)

      4.    Carpet:  ¨
Shampoo/Dye   þ Replace cost 20% per yr          $91.20     

      . . .

                                              Total
Charges:                           $301.20     

. . .




 ( $ )=RESIDENT REFUND

                                            
         $1.19              

   $  =
BALANCE DUE





. . .

Additional
Remarks:




  THE APT. WAS IN TERRIBLE
CONDITION. CARPET HAS TO BE
 REPLACED,PAINT,ALL BLINDS REPLACE, STOVE, REF. BATHROOM KIT.
 IN GENERAL A MESS 





(I C.R. at 21.)

      The Texas Supreme Court has
held that “a defendant, who timely files a pro se answer by a signed letter
that identifies the parties, the case, and the defendant’s current address, has
sufficiently appeared by answer and deserves notice of any subsequent
proceedings in the case.”  Smith v. Lippmann, 826 S.W.2d 137, 138 (Tex. 1992) (per curiam); accord Hughes v. Habitat Apts., 860 S.W.2d 872 (Tex. 1993) (per curiam).

      Texas Faith Partners argues
that Warden’s letter satisfies those requirements.  Citing two cases decided by
the Austin Court, Lindke argues, however, “The mere fact that an instrument is
filed identifying the parties, the case and the defendant’s address does not
compel a finding that the instrument is an answer.”[2]  (Br. at 2 (citing Guadalupe Econ. Servs.
Corp. v. DeHoyos, 183 S.W.3d 712, 716 (Tex. App.—Austin 2005, no pet.); Narvaez
v. Maldonado, 127 S.W.3d 313, 318 (Tex. App.—Austin 2004, no pet.)).) 
Assuming that those cases are not contrary to Smith v. Lippmann, those
Austin cases hold that in the absence of any “letter” answering the plaintiff’s
petition, and in the absence of the defendant’s address, an instrument filed
does not constitute an answer.  Guadalupe Econ. Servs., 183 S.W.3d at 715;
Narvaez, 127 S.W.3d at 318.  Those cases are distinguishable, since
Warden’s letter here contains Texas Faith Partners’ mailing address and
factually answers the allegations in Lindke’s petition.

      Warden’s letter and report
identify the parties, the trial court cause number, and Texas Faith Partners’
address, and respond factually to the allegations in Lindke’s petition. 
Warden’s letter and report thus constitute an answer for Texas Faith Partners. 
The face of the record thus reflects that the trial court erred in rendering a
no-answer default judgment.  We sustain Texas Faith Partners’ first issue.  We
need not reach Texas Faith Partners’ other issues.

      Having
sustained Texas Faith Partners’ first issue, we reverse and remand.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

      (Justice Vance concurs in the judgment)

Reversed and remanded

Opinion delivered and filed January 17, 2007

[CV06]









[1]  The body of the letter is printed; the address is hand-written. 
The face of the letter also states, in handwriting:

06.29.05

A copy of this answer

faxed to:  Plaintiff’s Attorney:

            Christopher Rosas

                        Attn: 
Roxanna

                                    713-552-0231

(I C.R. at 20.)  Since the trial court clerk
filed the letter on June 8, 2005, we take it that this handwritten addendum was
later added by the clerk.





[2]  Lindke also cites Investors Diversified Services v. Bruner for
the proposition, “Absent language in an instrument seeking judgment or an
adjudication on some question, an act of a defendant cannot constitute an
answer, even for the purposes of preventing default judgment.”  (Br. at 2-3 (citing Investors Diversified Servs., Inc. v. Bruner, 366 S.W.2d 810, 815 (Tex.
App.—Houston [1st Dist.] 1963, writ ref’d n.r.e.).)  We understand that case
not to be in accordance with the current Texas Rules of Civil Procedure, or to
have been overruled by Smith v. Lippmann.  See Tex. R. Civ. P. 85; Smith v.
Lippmann, 826 S.W.2d 137.