# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00138-CV

**Pagel & Sons, Inc. d/b/a Pagel & Sons, Appellant**

**v.**

**Gems One Corporation, Appellee**

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellee Gems One Corporation filed suit on a sworn account against appellant Pagel & Sons, Inc. d/b/a Pagel & Sons. Although a document styled "Defendant's Original Answer" was on file, the trial court rendered a no-answer default judgment in favor of Gems One. Pagel & Sons brings this restricted appeal, arguing that Gems One failed to send notice of the trial setting and, consequently, the trial court erred in rendering a default judgment against it. We will reverse and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

Pagel & Sons and Gems One entered into a contract under which Gems One sold items and provided services to Pagel & Sons. A fee dispute arose and, after failing to resolve the alleged debt, Gems One filed suit on November 12, 2008. That same day, Ronald E. Pagel, Pagel & Sons' principal and registered agent, was served with citation in the suit.

Pagel, who is not an attorney, filed a document styled "Defendant's Original Answer" on December 2, 2008, which was within the time permitted for Pagel & Sons to file an answer. *See* Tex. R. Civ. P. 99. This pleading stated that "the defendant listed in the above entitled and numbered cause" generally denied the allegations contained in the plaintiff's original petition and listed Pagel & Sons' address and contact information. The document was signed by Ronald E. Pagel but did not expressly state that he was signing on behalf of Pagel & Sons.

On December 30, 2008, the trial court rendered a default judgment in favor of Gems One. The judgment recited that "Defendant though duly cited to appear and answer herein has wholly failed to appear and answer herein," and granted judgment for Gems One in the principal sum of $54,672.81. Pagel & Sons did not file any postjudgment motions or requests for findings of fact and conclusions of law. On February 10, 2009, Pagel & Sons timely filed notice of restricted appeal. *See* Tex. R. App. P. 26.1(c), 30. In its sole issue, Pagel & Sons asserts that the trial court erred by rendering the no-answer default judgment when Pagel & Sons had, in fact, already filed an answer.

**DISCUSSION**

A restricted appeal is available for the limited purpose of providing a non-participating party an opportunity to correct an erroneous judgment. *TAC Ams., Inc. v. Boothe*, 94 S.W.3d 315, 318 (Tex. App.—Austin 2002, no pet.). To prevail on restricted appeal, Pagel & Sons must establish that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* Tex. R. App.

2

P. 30; *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The face of the record in a restricted appeal consists of the papers on file with the court when it rendered judgment. *General Elec. Co. v. Falcon Ridge Apts., Joint Venture*, 811 S.W.2d 942, 943-44 (Tex. 1991).

The parties join issue over the final element, whether error exists on the face of the record that would require reversal of the default judgment. This dispute centers on whether the document filed by Ronald E. Pagel can be construed as an answer on behalf of Pagel & Sons, thereby entitling Pagel & Sons to notice of the final hearing on Gems One's petition. *See Guadalupe Econ. Servs. Corp. v. Dehoyos*, 183 S.W.3d 712, 716 (Tex. App.—Austin 2005, no pet.) ("The trial court errs if it proceeds to trial when an answer is on file without giving notice of the trial setting."); *see also Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86-87 (1988) (after making appearance in case, defendant is entitled to notice of trial setting as matter of due process under Fourteenth Amendment). Conceding that its answer was deficient and not in the proper form, Pagel & Sons nonetheless urges that the judgment must be reversed because the pleading on file was sufficient to prevent rendition of a no-answer default judgment. Gems One counters that the answer was so deficient as to render it a nullity.

It is well established that only a licensed attorney can appear and represent a corporation in litigation. *See Kunstoplast of Am. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996). "However, when considering answers filed by non-attorney corporate officers, the courts of appeals have 'gone to great lengths to excuse defects in answers to prevent the entry of default judgments against parties who have made some attempt, albeit deficient, unconventional, or

3

flat out forbidden under the Rules of Civil Procedure, to acknowledge that they have received notice of the lawsuit pending against them.'" *Dehoyos*, 183 S.W.3d at 716 n.4 (quoting *Hock v. Salaices*, 982 S.W.2d 591, 593 (Tex. App.—San Antonio 1998, no pet.)). Indeed, the Texas Supreme Court has indicated that a defendant who timely files a pro se answer by a signed letter that identifies the parties, the case, and the defendant's current address has sufficiently appeared by answer and is entitled to notice of any trial setting. *Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex. 1992); *see also* Tex. R. Civ. P. 245.

Applying the supreme court's decision in *Smith v. Lippman*, this Court has held that the filing of an answer by a non-attorney on behalf of a corporation, while defective, is sufficient to prevent the entry of a default judgment. *See Dehoyos*, 183 S.W.3d at 715; *see also KSNG Architects, Inc. v. Beasley*, 109 S.W.3d 894, 899 n.5 (Tex. App.—Dallas 2003, no pet.) ("An answer filed on behalf of a corporation by a non-attorney is sufficient to prevent a default judgment."); *Custom-Crete, Inc. v. K-Bar Servs.*, 82 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.) (answer filed by corporation's vice-president which identified trial court cause number but did not state that he was agent for corporation held to be sufficient answer). We apply this holding again in the present case. "Texas law does not favor dismissal on pleadings, death-penalty sanctions, or hearings without notice. It does favor liberal amendment of pleadings and affording litigants the opportunity to cure defects in pleadings whenever possible." *KSNG Architects*, 109 S.W.3d at 899.

In the case at bar, as in the cases cited above, Pagel & Sons' answer was timely filed, identified the correct cause number and parties, responded to Gems One's allegations, and listed Pagel & Sons' corporate address. It was received and filed by the county clerk. In view of these

circumstances, the mere fact that Pagel failed to expressly designate that he was signing the pleading on behalf of Pagel & Sons does not render it incurably defective. *Cf. Custom-Crete, Inc.*, 82 S.W.3d at 658. We hold that, despite its deficiencies, the pleading signed and filed by Pagel constituted an answer by Pagel & Sons and was sufficient to forestall a no-answer default judgment. Accordingly, we sustain Pagel & Sons' issue on restricted appeal.

## CONCLUSION

We reverse the default judgment and remand the cause to the trial court for further proceedings.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Reversed and Remanded

Filed: October 15, 2009

5