

# NUMBER 13-10-00237-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**OMAR CUEVAS AND ELIZABETH CUEVAS,**                **Appellants,**

**v.**

**WHEAT INVESTMENTS, INC.,**                       **Appellee.**

---

### On appeal from the 370th District Court
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes
Memorandum Opinion by Chief Justice Valdez**

Appellants, Omar and Elizabeth Cuevas, bring this restricted appeal complaining about a no-answer default judgment entered in favor of appellee, Wheat Investments, Inc. ("Wheat"). *See* TEX. R. APP. P. 30. By one issue, the Cuevases argue that the trial court erred in entering the no-answer default judgment because the record indicates

that they filed an answer to Wheat's lawsuit on December 18, 2009, and because they were not provided notice of the default-judgment hearing. We reverse the judgment of the trial court and remand for proceedings consistent with this opinion.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On September 10, 2009, Wheat and the Cuevases entered into a contract for the sale of properties located at 300, 302, and 304 South 17th Street in McAllen, Texas, for $600,000. Wheat was the buyer, and the Cuevases were the sellers of the properties. As consideration for the contract, Wheat paid $1,000 in earnest money to the Cuevases.

Pursuant to various provisions in the sales contract, the Cuevases represented that they were the owners of the properties. However, Wheat later discovered that the Cuevases did not own the properties. Rather, Edward H. and Blanca Rodriguez owned the properties and were trying to sell the properties to the Cuevases, who, in turn, were trying to sell the properties to Wheat.[1]

Upon discovering that the Cuevases were not the owners of the property and could not sell or transfer rights to the property, Wheat filed suit against the Cuevases on November 24, 2009. In its original petition, Wheat alleged that the Cuevases were in breach of contract and sought to reform the contract so that the Cuevases could specifically perform under the sales contract. In addition, Wheat contended that the Cuevases fraudulently represented that they owned the properties to induce Wheat to enter into the sales contract, and as a result, Wheat sought exemplary damages against the Cuevases.

---

[1] Wheat's trial counsel, Manuel Trigo Jr., executed an affidavit in support of Wheat's motion for default judgment, wherein he alleged, among other things, that the Cuevases were trying to purchase the properties from the Rodriguezes for a total cost of $185,000.

On December 18, 2009, the Cuevases filed an answer generally denying the accusations made by Wheat in its original petition. Nevertheless, on December 21, 2009, Wheat moved for a default judgment, alleging that the Cuevases had failed to file an answer in this case. The trial court conducted a hearing on Wheat's motion for default judgment. At the hearing, counsel for Wheat appeared; however, no one appeared on the Cuevases' behalf. The trial court subsequently granted default judgment in favor of Wheat, granting Wheat $19,000 in actual damages, $7,500 in exemplary damages, court costs, post-judgment interest, and $7,500 in attorney's fees and attorney's fees for appeals of this matter. The trial court noted that the Cuevases had a $9,898.39 interest in the properties and ordered that interest be transferred to Wheat. In addition, the trial court listed the following findings in its default-judgment order:

A. Defendants Omar Cuevas and Elizabeth Cuevas were served with citation and a copy of Plaintiff Wheat Investments, Inc.['s original petition];

B. The citation and proof of service were on file with this Court at least ten days before judgment was rendered;

C. The deadline for Defendants Omar Cuevas and Elizabeth Cuevas to file an answer has passed; and

D. Defendants Omar Cuevas and Elizabeth Cuevas did not file an answer or any other pleading constituting an answer.

On April 19, 2010, the Cuevases timely filed their notice of restricted appeal. *See* TEX. R. APP. P. 25.1(d)(7), 26.1(c), 30.

## II. RESTRICTED APPEAL[2]

---

[2] Wheat has not filed an appellee's brief in this matter.

To attack a trial court's judgment by restricted appeal, the Cuevases must show that: (1) a notice of appeal was filed within six months of the date of the complained-of judgment was signed; (2) the Cuevases were parties to the suit that did not participate in the hearing that resulted in the judgment or order; (3) the Cuevases did not timely file a post-judgment motion, request findings of fact and conclusions of law, or file a notice of appeal within the time permitted under Texas Rule of Appellate Procedure 26.1(a); and (4) the complained-of error is apparent from the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *see also Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Tex. Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 278 (Tex. App.–Corpus Christi 2007, no pet.).

Here, the Cuevases, named parties to Wheat's underlying lawsuit, filed their notice of appeal on April 19, 2010, which was within six months of the date that the trial court signed the order granting Wheat's default judgment—December 21, 2009. While we do not have a reporter's record of the default-judgment hearing, the trial court noted in its final default-judgment order that the Cuevases did not appear for the default-judgment hearing.[3] Further, the record does not reflect that the Cuevases filed any post-judgment motions, requests for findings of fact and conclusions of law, or a timely notice of appeal within the context of rule 26.1(a). *See* TEX. R. APP. P. 26.1(a). Finally, as addressed below, the complained-of error—that the Cuevases had indeed filed a timely answer to Wheat's lawsuit and were not provided notice of the December 21, 2009 hearing—is apparent from the face of the record. *See Norman Commc'ns v. Tex.*

---

[3] Although the Cuevases filed an answer to Wheat's lawsuit, filing an answer is not participation for purposes of a restricted appeal. *See Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985); *see also Tex. Dep't of Pub. Safety v. Gutierrez*, No. 13-09-256-CV, 2009 Tex. App. LEXIS 8753, at *3 n.3 (Tex. App.–Corpus Christi Nov. 12, 2009, no pet.) (mem. op.).

4

*Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam) (stating that the face of the record, for purposes of restricted appeals, consists of all the papers on file in the appeal). Thus, we conclude that the Cuevases have satisfied each element for obtaining relief through this restricted appeal.

### III.    THE CUEVASES' ANSWER TO WHEAT'S LAWSUIT

In their sole issue, the Cuevases assert that there is error on the face of the record because the trial court's default judgment erroneously states that they did not file an answer to Wheat's lawsuit. The Cuevases also contend that they did not appear at the default-judgment hearing because they did not receive notice of the hearing, though such notice was mandatory.

Texas Rule of Civil Procedure 99(b) required the Cuevases to file their written answer to Wheat's lawsuit "before 10:00 a.m. on the Monday next after the expiration of twenty days after the date of service thereof." TEX. R. CIV. P. 99(b). The record indicates that the Cuevases were served with a copy of Wheat's original petition on December 1, 2009; thus, their answer was due on December 21, 2010. The Cuevases timely filed their answer to Wheat's lawsuit on December 18, 2009. Nevertheless, Wheat, apparently unaware of the filing of the Cuevases' December 18, 2009 answer, moved for default judgment on December 21, 2010, and the trial court granted the motion on the same day without providing notice to the Cuevases.

A defendant who timely files an answer identifying the parties, the case, the defendant's current address, and responds to the petition has sufficiently appeared by answer. *Guadalupe Econ. Servs. Corp. v. Dehoyos*, 183 S.W.3d 712, 716 (Tex. App.–Austin 2005, no pet.) (citing *Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex. 1991) (per

curiam)). A default judgment may not be rendered after the defendant has filed an answer in the matter.[4] *Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989) (per curiam) (holding that a default judgment was erroneous because defendant filed an answer to plaintiff's lawsuit, even though the trial court was unaware that an answer had been filed); *see* TEX. R. CIV. P. 239; *see also Santex Roofing & Sheet Metal, Inc. v. Venture Steel, Inc.*, 737 S.W.2d 55, 56-57 (Tex. App.–San Antonio 1987, no writ) ("Texas courts have always been reluctant to uphold a default judgment without notice where some response from the defendant is found in the record.").

Further, a defendant who has made an appearance in a cause is entitled to notice of subsequent trial settings as a matter of due process under the Fourteenth Amendment of the United States Constitution. *LBL Oil Co. v. Int'l Power Serv., Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989). A defendant who does not receive notice of a default judgment proceeding is deprived of due process. *Id.* A notice of trial setting ordinarily does not appear in the clerk's record and need not affirmatively appear there. *Prihoda v. Marek*, 797 S.W.2d 170, 171 (Tex. App.–Corpus Christi 1990, writ denied). Rather, the law presumes that a trial court will hear a case only after proper notice to the parties. *Delgado v. Hernandez*, 951 S.W.2d 97, 99 (Tex. App.–Corpus Christi 1997, no writ). To rebut this presumption, the Cuevases have the burden to affirmatively show a lack of notice by affidavit or other competent evidence. *Id.*; *see Jones v. Tex. Dep't of Pub. Safety*, 803 S.W.2d 760, 761 (Tex. App.–Houston [14th Dist.] 1991, no writ).

---

[4] We recognize that the Texas Supreme Court has authorized post-answer default judgments in instances where a defendant who has answered a lawsuit fails to appear for trial, *see Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009) (citing *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979)); however, the facts in this case do not give rise to such an instance.

6

The Texas Rules of Civil Procedure require that a party be given notice of the first trial setting of a contested case at least forty-five days prior to the trial date. TEX. R. CIV. P. 245. A trial court's failure to comply with the rules of notice in a contested case deprives a party of the constitutional right to be present at the hearing, to voice his objections in an appropriate manner, and results in a violation of due process. *Campsey v. Campsey*, 111 S.W.3d 767, 770 (Tex. App.–Fort Worth 2003, no pet.) (citing *Platt v. Platt*, 991 S.W.2d 481, 483 (Tex. App.–Tyler 1999, no pet.)); *Blanco v. Bolanos*, 20 S.W.3d 809, 811 (Tex. App.–El Paso 2000, no pet.). The forty-five day notice provision of rule 245 is mandatory. *Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 659 (Tex. App.–San Antonio 2002, no pet.) (citing *Lippmann*, 826 S.W.2d at 138; *Hardin v. Hardin*, 932 S.W.2d 566, 567 (Tex. App.–Tyler 1995, no writ); *Bell Helicopter Textron, Inc. v. Abbott*, 863 S.W.2d 139, 140 (Tex. App.–Texarkana 1993, writ denied)). If the respondent does not have notice of the trial setting as required by rule 245, the default judgment should be set aside because it is ineffectual. *Campsey*, 111 S.W.3d at 771; *Bolanos*, 20 S.W.3d at 811. A hearing that effectively disposes of the case is a trial setting. *See LBL Oil Co.*, 777 S.W.2d at 391; *Murphee v. Ziegelmair*, 937 S.W.2d 493, 495 (Tex. App.–Houston [1st Dist.] 1995, no writ).

Here, the trial court's default-judgment order disposed of Wheat's claims; therefore, the hearing on Wheat's motion for default judgment constituted a trial setting. And because the December 21, 2009 default-judgment hearing was a trial setting, it was a denial of due process for the trial court to grant Wheat's motion for default judgment without notice to the Cuevases, especially considering that the Cuevases had previously filed an answer to the suit. Moreover, the record demonstrates that: (1) the

Cuevases were served with notice of Wheat's lawsuit on December 1, 2009; (2) Wheat filed its motion for default judgment on December 21, 2009; and (3) on December 21, 2009, the trial court granted default judgment for Wheat without providing the Cuevases with forty-five days notice, as mandated by rule 245. *See* TEX. R. CIV. P. 245. Because the record does not show that notice of the default-judgment hearing was provided to the Cuevases and because they had timely filed an answer to Wheat's lawsuit, we conclude that the trial court erred in granting Wheat's motion for default judgment. *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 85-87 (holding that a trial court errs if it proceeds to trial and renders a default judgment without notice after the defendant has filed an answer); *LBL Oil Co.*, 777 S.W.2d at 390-91 (same); *Dehoyos*, 183 S.W.3d at 716 (same); *Terehkov v. Cruz*, 648 S.W.2d 441, 442 (Tex. App.–San Antonio 1983, no writ) (same); *see also* TEX. R. CIV. P. 239; *Davis*, 764 S.W.2d at 560; *Santex Roofing & Sheet Metal, Inc.*, 737 S.W.2d at 56-57. Accordingly, we sustain the Cuevases' sole issue on appeal.

## IV. CONCLUSION

Based on the foregoing, we reverse the trial court's default judgment and remand for proceedings consistent with this opinion.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
10th day of February, 2011.

8