

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-14-00252-CV

TERESA COX AND TERRY DE LOS SANTOS, APPELLANTS

V.

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-2, A DELAWARE
STATUTORY TRUST, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 66,223A, Honorable Dan L. Schaap, Presiding

November 24, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

In this restricted appeal, Teresa Cox and Terry De Los Santos appeal from default judgments taken against them in favor of National Collegiate Student Loan Trust 2006-2 (the Trust) for recovery on student loans. Teresa and Terry contend the trial court erred in granting a default judgment because they filed an answer. We reverse.

The Trust filed a petition seeking to recover for default in the repayment of student loans to Teresa which Terry had co-signed. Service was made on September

17, 2013.  On September 24, 2013, Terry filed a handwritten *pro se* letter in which she stated:

> *To Whom It May Concern,*
>
> > *In response to cause numbers*
> > *66224C*
> > *66219A*
> > *66223A*
> > *66220C*
> > *My daughter owes an unknown amount to NCP for student loans*
> *which I cosigned for.*
>
> > > *Sincerely,*
> > > *Terry DeLosSantos*

An address and telephone number followed Terry's name.  On the same day, Teresa also filed a handwritten *pro se* letter which stated:

> *To whom it may concern,*
>
> *In response to cause No. 66224C, 66219A, 66223A, & 66220C.  I owe an unknown amount to National Collegiate Partners for Student loans.*
>
> *Sincerely,*
> *Teresa Cox*

Again, an address and phone number followed the name.  Terry and Teresa contend that these letters constitute an answer in the lawsuit which prevents the taking of a no answer default judgment.[1]

An answer does not necessarily have to follow a standard form, and a letter that is signed with the name of the parties, the cause number, and an address constitutes an answer which prevents the taking of a default judgment.  *Smith v. Lippman*, 826 S.W.2d

---

[1] The Trust argues that Terry and Teresa filed their notice of restricted appeal one day late.  A restricted appeal must be filed within six months after the date the judgment or order is signed.  TEX. R. APP. P. 26.1(c). The judgment was signed on January 6, 2014, and the restricted appeal was filed on July 7, 2014.  However, July 6 was a Sunday. If the last day for filing a document is a Sunday, the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.  TEX. R. APP. P. 4.1(a); TEX. R. CIV. P. 4.

137, 138 (Tex. 1992); *Faunce v. NCNB Tex. Nat'l Bank*, 846 S.W.2d 876, 877 (Tex. App.—Houston [14th Dist.] 1992, no writ). The letters sent by Terry and Teresa were signed by them and contained the relevant cause numbers, their names, and their addresses. So too were they filed of record before the Trust moved the court to enter "no answer" default judgments. Simply put, the letters in question constituted answers preventing the entry of "no answer" default judgments.

Nevertheless, the Trust would have us affirm the "no answer" default judgments by characterizing them as judgments *nihil dicit*. This characterization we eschew. Though akin to a "no answer" default judgment, their use is generally limited to situations where 1) the defendant made a plea, usually dilatory in nature but the pleading has not placed the merits of the plaintiff's case in issue before it is overruled, or 2) the defendant has placed the merits of the case in issue by filing an answer but has withdrawn that answer. *Paradigm Oil, Inc. v. Retamco Operating, Inc*., 372 S.W.3d 177, 184 n.8 (Tex. 2012). Neither situation is before us. The appellants filed answers, not dilatory pleas, which answers they did not withdraw.

Moreover, by filing answers, both Terry and Teresa appeared in the cause. *See In re I.L.S.*, 339 S.W.3d 156, 159 (Tex. App.—Dallas 2011, no pet.) (stating that an answer constitutes an appearance). Defendants who appear are entitled to notice of the trial setting as a matter of due process. *LBL Oil Co. v. International Power Services, Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989). This is of import here since a hearing on a motion for default judgment is effectively a trial setting, *id.* at 391, and the record fails to show that either defendant had actual or constructive notice of that hearing. Indeed, the motions for default filed by the Trust do not even contain certificates of service which

3

would allow us to presume that Terry or Teresa even had notice of the motions being filed.

We reverse the default judgments and remand the causes to the trial court.


Brian Quinn
Chief Justice