**Affirmed and Memorandum Opinion filed June 20, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00230-CV

---

## DAN MICHAEL PANNELL AND EVERLASTING ARMS, Appellants

### V.

## INVUM THREE LLC, Appellee

---

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1106690**

---

## M E M O R A N D U M   O P I N I O N

Appellants Dan Michael Pannell and Everlasting Arms appeal the trial court's judgment for possession granted in favor of Appellee Invum Three LLC.  We affirm.

### BACKGROUND

This appeal arises out of the foreclosure and sale of real property located at 6144 Imogene Street in Houston.  The property was sold at a substitute trustee's sale on May 2, 2017 to Invum.  Under the terms of the deed of trust, Pannell became a

tenant at sufferance. Invum sent a Notice to Vacate Pursuant to Foreclosure to "Pannell and/or all occupants" on May 15, 2017. Invum's authorized agent, Jose Portillo, filed a petition for eviction on May 22, 2017 in justice court on behalf of GS Remodeling LLC as the plaintiff and against Dan M. Pannell and Everlasting Arms as defendants. Portillo filed an amended petition for eviction on June 13, 2017 in justice court, naming Invum Three LLC as the plaintiff.

Appellants removed the case to federal district court on June 19, 2017. The federal district court remanded the case on September 12, 2017 and concluded "removal of the case was improper and this Court lacks subject matter jurisdiction." In its order, the federal district court acknowledged an amended petition had been "filed in state court, amending the name of Plaintiff to Invum Three, LLC." Pannell then filed a Notice of Stay on October 12, 2017, stating he "commence[d] a chapter 13 bankruptcy case." The bankruptcy court signed an order on January 16, 2018, dismissing Pannell's bankruptcy case with prejudice.

By December 1, 2017, Invum had hired an attorney to represent it in its forcible detainer suit in justice court. The justice court signed an eviction judgment on February 2, 2018, which states: (1) Plaintiff Invum Three LLC and Defendants Dan M. Pannell and Everlasting Arms were present and announced ready for trial; (2) Invum was represented by its attorney; and (3) the "court, having heard evidence, determined judgment is for the Plaintiff for possession."

Appellants appealed to the county civil court at law. Invum filed an Amended Petition for Forcible Detainer in the county court. The county court held a bench trial on March 19, 2018. Pannell appeared pro se and Invum was again represented by its attorney. After considering the evidence and arguments presented, the county court awarded possession to Invum and signed a judgment for possession. Appellants filed a timely appeal.

**ANALYSIS**

## I.    Mootness

As a preliminary matter, we address Invum's argument that Appellants' appeal should be dismissed as moot because (1) "Appellants did not post a supersedeas bond;" (2) "a Writ of Possession was issued on April 4, 2018 and executed;" and (3) Invum "is now in possession of the subject property."

The only issue in an action for forcible detainer is the right to actual possession of the premises. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). If a supersedeas bond in the amount set by the trial court is not filed, the judgment in a forcible detainer action may be enforced and a writ of possession may be executed evicting the defendant from the premises in question. *See id*. at 786. Failure to supersede the judgment does not divest the defendant of his right to appeal. *Wilhelm v. Fed. Nat'l Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.). However, if a defendant in a forcible detainer action is no longer in possession of the premises, then an appeal from the judgment of possession is moot "unless the defendant asserts 'a potentially meritorious claim of right to current, actual possession of the [premises].'" *Id*. (quoting *Marshall*, 198 S.W.3d at 787).

Contrary to Invum's assertion, there is no support in the record before us that a writ of possession was executed or that Invum "is now in possession of the subject property." Therefore, we reject Invum's mootness argument and proceed to address the merits.

## II.    Issues on Appeal

Appellants' brief consists of two single-spaced pages and fails to comply with Texas Rule of Appellate Procedure 38.1 (prescribing the requirements for briefs

submitted on appeal).   Appellants' brief even fails to provide (1) a concise and nonargumentative statement of the facts of the case supported by record references and (2) a clear and concise argument for the contentions made with appropriate citations to authorities and the record.  *See id*. 38.1(g) and (h).  Appellants' brief is remarkably brief.[1]

---

[1] In its entirety the brief states as follows:

STATEMENT ON APPEAL FROM JUDGMENT

DAN MICHAEL PANNELL, As Trustee For EVERLASTING ARMS U.B.T.O., and DAN MICHAEL PANNEL[L] respectfully appeal from the order granting eviction to and possession of the property located at 6144 Imogene St, Houston , Texas 77074 because of the following defects in the proceedings:

> 1. Appellants have proof that payment was accepted by Wells Fargo N. A.
>
> 2. Invum Three LLC has never filed and served a citation and petition for eviction against appellants and therefore can not receive an order of eviction[.]
>
> 3. GS Remodeling LLC filed a citation and petition for eviction.
>
> 4. The citation and petition for eviction was filed by an unlicensed attorney.
>
> 5. The law firm representing Invum Three, keeps fraudulently changing the title of the cause.
>
> 6. The filing of GS Remodeling was defective on its face because GS Remodeling LLC has no standing or claim of title for the afore mentioned [sic] property.
>
> 7. Jose Portillo is not an owner, officer of either LLC.
>
> 8. If one did not file a citation and petition, they can not receive a judgment in their favor.
>
> 9. The filing was never properly amended and reserved.
>
> 10. The case was removed to the U.S. District Court in Houston.
>
> 11. The attorney representing Invum Three LLC, who was never a party to any action legitimately, simply used Invum Three LLC, and indicated that the defendants in error named the wrong plaintiff.

Appellants, in this case, did not file any action to commence eviction against themselves and therfore [sic] can not be responsible for the error.  The original action should have been dismissed with prejudice.  The actions were commenced by Mr. Jose Portillo.  The filing was unlawful because he neither had a property

4

Despite Appellants' inadequate briefing, we nonetheless construe Appellants' brief liberally to reach the appellate issues on the merits, where possible. *See Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008). Although we liberally read Appellants' brief, we note that pro se litigants such as Appellants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *See Reule v. M & T Mortg.*, 483 S.W.3d 600, 608 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

In issues two, eight, and nine, Appellants appear to challenge the propriety of the "order of eviction" in Invum's favor. They state: (1) "Invum Three LLC has never filed and served a citation and petition for eviction against appellants and therefore can not receive an order of eviction;" (2) "If one did not file a citation and petition, they can not receive a judgment in their favor;" and (3) "The filing was never properly amended and reserved."

We reject Appellants' complaints for several reasons. Although the original

---

management license, nor a Texas State Bar card. Under Texas Statute an LLC must be represented by an attorney or an officer of the LLC. Texas statute again clearly defines how a pleading is amended. That did not occur. Additionally, the civil case was removed and additionally was under the jurisdiction of the United States District Court, Southern District of Texas. The sitting justice in case number 1106690, ignored that fact and used a[n] order of remand associated with the justice of the peace case as reason to move forward. That was improper. The removal for case number 1106690 is STILL valid and it will remain because the time to ask for a[n] order of remand has expired. This is a typical illustration of the corruption which in [sic] rampant in the Texas State Court System. This can not be allowed to stand. The attorneys involved should be disciplined as well as the justices who ignore procedure. This lacks integrity and demonstrates the privilege and given to members of the State Bar unlawfully.

Appellants respectfully ask the 14th Court of Appeals to vacate the judgment on the grounds that it was fraudulently obtained and issued with bias. Invum Three LLC never filed any action against appellants and therefore can not possibly receive judgment in their favor.

petition for eviction named GS Remodeling LLC as the plaintiff, an amended petition for eviction was filed in justice court and it named Invum as the plaintiff in the case. Amendment is permissible when the substitution of a new party plaintiff does not inject a matter that is materially different in substance or form into the lawsuit or does not appreciably alter the rights and obligations of the parties to the prejudice of the defendants. *Myers v. HCB Real Holdings, LLC*, No. 05-13-00113-CV, 2015 WL 2265152, at *4 (Tex. App.—Dallas May 14, 2015, pet. denied) (mem. op.); *see also* Tex. R. Civ. P. 37 and *Mays v. Dallas Cty.*, No. 06-16-00067-CV, 2017 WL 1739765, at *3 (Tex. App.—Texarkana May 3, 2017, pet. denied) (mem. op.). Here, the substance of the lawsuit remained the same and there is no evidence that the change in plaintiff prejudiced Appellants in any way. *See Myers*, 2015 WL 2265152, at *4. Thus, Appellants incorrectly claim the original petition was "never properly amended." Appellants are equally wrong that Invum never filed a petition for eviction.

Appellants' assertion that Invum cannot "receive a judgment in their favor" (because it never served citation on Appellants) is also without merit. Assuming *arguendo* Invum did not serve a citation on Appellants, Appellants nonetheless entered an appearance. This appearance vitiated any alleged harm. *See Sherman v. Boston*, 486 S.W.3d 88, 92-93 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ("A trial court lacks personal jurisdiction over a defendant to whom citation has not been issued and served in a manner prescribed by law unless the defendant waives service or enters an appearance."). Any alleged lack of service of citation was waived by Appellants' appearance and participation on the merits in the justice court and county court. *See* Tex. R. Civ. P. 120 ("The defendant may, in person, . . . enter an appearance in open court. Such appearance . . . shall have the same force and effect as if the citation had been duly issued and served as provided by law."), and

6

Tex. R. Civ. P. 124 ("In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant . . . ."); *see also Sherman*, 486 S.W.3d at 92-93. Accordingly, we overrule Appellants' issues two, eight, and nine.

In issues three and six, Appellants state "GS Remodeling LLC filed a citation and petition for eviction," and "The filing of GS Remodeling was defective on its face because GS Remodeling LLC has no standing or claim of title for the afore mentioned [sic] property." However, any complaint relating to GS Remodeling is of no consequence in this appeal because (1) GS Remodeling was not a party to the action below after being dismissed as plaintiff; (2) Invum was the only named plaintiff in the amended petition in justice court and again in the county court lawsuit; and (3) the judgment Appellants appeal was entered in favor of Invum (not GS Remodeling). Accordingly, we overrule Appellants' issues three and six.

Appellants argue in issue ten that the "case was removed and . . . was under the jurisdiction of the" federal district court so that the justice court improperly "used an order of remand associated with the justice of the peace case as reason to move forward" when the removal of the case to federal court "is STILL valid and it will remain because the time to ask for a[n] order of remand has expired."

After an amended petition was filed in the justice court to name Invum as the plaintiff in the case, Appellants removed the case to federal district court on June 19, 2017. The federal district court granted Invum's motion to remand on September 12, 2017. The record before us contradicts Appellants' contention that the justice court's eviction judgment was improper because the removal of the case "is STILL valid and it will remain because the time to ask for a[n] order of remand has expired." Accordingly, we overrule Appellants' issue ten.

Next, we address Appellants' issues four and seven, which state: "The citation

7

and petition for eviction was filed by an unlicensed attorney" and "Jose Portillo is not an owner, officer of either LLC." Appellants contend that "actions were commenced by Mr. Jose Portillo. The filing was unlawful because he neither had a property management license, nor a Texas State Bar card. Under Texas Statute an LLC must be represented by an attorney or an officer of the LLC."

As with all previous issues we addressed in this appeal, Appellants cite no authority to support their contentions. We also note that, in the justice and county courts below, Appellants did not complain that Portillo was not an owner or officer of Invum, or that he lacked a property management license. Nor have Appellants pointed to any evidence showing that Portillo was not an owner or officer of Invum. Appellants' sole statement in the county court was: "Portillo filed an eviction and a lawyer has to be — a lawyer has to file for a corporation. He filed for a corporation. He is not a lawyer."

Invum need not be represented by a licensed attorney and may represent itself in justice court. *See* Tex. Gov't Code Ann. § 27.031(d) (Vernon 2017) (allowing corporate entities to appear in justice court even though not represented by an attorney); *see also Genender v. USA Store Fixtures, LLC*, 451 S.W.3d 916, 920 & n.1 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (noting LLC filed two petitions and represented itself in justice court and citing Tex. Gov't Code Ann. § 27.031(d)), and *Sherman*, 486 S.W.3d at 97 (Frost, C.J., concurring and dissenting) (noting LLC is a corporate entity and "can represent itself in justice court" and citing Tex. Gov't Code Ann. § 27.031(d)).

Additionally, a document filed in court by a nonlawyer purportedly on behalf of a corporate entity is defective but not void and may be effective for certain purposes. *See Rabb Int'l, Inc. v. SHL Thai Food Serv., LLC*, 346 S.W.3d 208, 209-10 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (concluding motion for new trial

8

filed by nonlawyer on behalf of corporation was not void and was effective to extend deadline to perfect an appeal); *Guadalupe Econ. Servs. Corp. v. Dehoyos*, 183 S.W.3d 712, 715-16 (Tex. App.—Austin 2005, no pet.) (concluding answer filed by nonlawyer on behalf of corporation, although defective, still prevents the trial court from granting a default judgment); *Home Sav. of Am. FSB v. Harris Cty. Water Control & Improvement Dist. No. 70*, 928 S.W.2d 217, 219 (Tex. App.—Houston [14th Dist.] 1996, no writ) (same). Furthermore, Invum hired an attorney after the amended petition was filed in justice court and was represented thereby both at trial in justice court and later in county court. Accordingly, we overrule Appellants' issues four and seven.

Finally, Appellants state in issues one, five, and eleven that: (1) "Appellants have proof that payment was accepted by Wells Fargo N. A.;" (2) "The law firm representing Invum Three, keeps fraudulently changing the title of the cause;" and (3) "The attorney representing Invum Three LLC, who was never a party to any action legitimately, simply used Invum Three LLC, and indicated that the defendants in error named the wrong plaintiff."

However, even reading Appellants' statements liberally, we do not understand what Appellants are trying to challenge by their statements. We would have to make legal arguments for Appellants in order to address issues one, five, and eleven. Appellants present neither argument nor citations to authorities or record evidence for us to understand and address their issues. Appellants waived issues one, five, and eleven due to wholly inadequate briefing. *See* Tex. R. App. P. 38.1(i). Accordingly, we overrule Appellants' issues one, five, and eleven.

9

## CONCLUSION

Having overruled Appellants' eleven issues, we affirm the trial court's judgment.

/s/    Meagan Hassan
Justice

Panel consists of Justices Christopher, Hassan and Poissant.